### EULA CARDWELL v. STATE.

No. A-3272.   Opinion Filed June 4, 1921.
Rehearing Denied Nov. 19, 1921.
(201 Pac. 817.
(Syllabus.)

1.    **Appeal and Error—Burden to Show Prejudicial Error.** On appeal, burden is upon appellant to establish both error and prejudice resulting therefrom.

2.  **Same—Record—Overruling Defendant's Challenge for Cause.** In prosecution for murder, held not reversible error to overrule defendant's challenge for cause to individual jurors on ground contained in subdivision 8, § 5859, Rev. Laws 1910, where the record does not disclose that jurors' scruples or opinions are such as to preclude them from returning a verdict of guilty with death penalty.

3.  **Jury—Disqualification—Conscientious Scruples Against Death Penalty.** In cases where death is provided as a punishment for crime, trial courts should exclude all jurors who have conscientious scruples or opinions against the infliction of the death penalty, whether the challenge comes from the state or the defendant, or, without challenge, where such is made to appear before the jury is sworn to try the cause.

4.  **Trial—Instructions—Sufficiency.** Where the instructions fairly state the law of the case as applied to the evidence, and are as favorable to defendant as the evidence warrants, they are sufficient.

5.  **Appeal and Error—Errors not Properly Raised Below.** Alleged errors occurring during the progress of a trial, and not properly raised and presented in the court below, will not be considered on appeal.

Appeal from District Court, Tillman County; Frank Matthews, Judge.

Eula Cardwell was convicted of manslaughter in the first degree, and he appeals. Affirmed.

Mounts, Davis & Williams, for plaintiff in error.

S. P. Freeling, Atty. Gen., and Sam Hooker, Asst. Atty. Gen., for the State.

MATSON, J. This is an appeal from the district court of Tillman county, wherein the defendant, Eula Cardwell, was convicted of the crime of manslaughter in the first degree for killing one Russell Godfrey, and sentenced to serve a term of four years' imprisonment in the reformatory at Granite, Okla. From such judgment of conviction an appeal has been taken to this court by filing of a case-made with petition in error attached.

Assignment of error No. 2 is as follows:

"That the court erred in overruling the challenge of the defendant to the jurors Cason, Bracken, Wade, and Heffner."

It appears that during the examination of the jurors on their voir dire the attorney for the defendant questioned the jurors as to whether or not they entertained conscientious scruples as to the infliction of the death penalty, and the record discloses that the jurors above named answered that they entertained conscientious scruples against the infliction of the death penalty as a punishment for crime. Further, it is also disclosed by the record that the defendant exhausted all his peremptory challenges, and that the above-named jurors served on the trial jury after the trial judge had overruled the challenge of the defendant to such jurors on that ground, to which action counsel for defendant saved proper exception at the time.

The charge against this defendant was murder.

Section 2319, Revised Laws 1910, provides:

"Any person convicted of murder shall suffer death, or imprisonment at hard labor in the state penitentiary for life, at the discretion of the jury. Upon trial of an indictment for murder, the jury, if they find the defendant guilty, must designate in their verdict whether he shall be punished by death or imprisonment for life at hard labor, and the judgment of the court shall be in accordance therewith. But upon a plea of guilty the court shall determine the same."

Section 5855, Id., relating to the formation of petit juries in criminal causes, provides:

"A challenge for cause may be taken either by the state or the defendant."

Section 5856, Id., provides:

"It is an objection to a particular juror and is either: First, general, that the juror is disqualified from serving in any case on trial; or, second, particular, that he is disqualified from serving in the case on trial."

Section 5858, Id., divides particular causes of challenge into two kinds:

"First. For such a bias as, when the existence of the facts is ascertained, in judgment of law disqualifies the juror, and which is known in this chapter as implied bias.

"Second. For the existence of a state of mind on the part of the juror in reference to the case, or to either party, which satisfies the court, in the exercise of a sound discretion, that he cannot try the issue impartially, without prejudice to the substantial rights of the party challenging, and which is known in this chapter as actual bias."

Section 5859, Id., provides eight different grounds upon which a challenge for implied bias may be taken, the eighth ground of which is as follows:

"If the offense charged be punishable with death, the entertaining of such conscientious opinions as would preclude his finding the defendant guilty, in which case he shall neither be permitted nor compelled to serve as a juror."

From the foregoing sections of the statutory law of this state, it is clear that a petit juror who is called to serve in a murder case is subject to challenge on the ground of implied bias for the entertainment of such conscientious opinions as would preclude his finding the defendant guilty. But the conscientious scruples or opinions sufficient to disqualify a juror in a murder case under our statutes must be such as would preclude him from agreeing to a verdict of guilty with the death penalty attached. Hopkins v. State, 9 Okla. Cr. 104, 130 Pac. 1101, Ann. Cas. 1915B, 736.

The particular ground of challenge set out in subdivision 8, supra, was evidently intended for the benefit of the state. In many of the states this particular ground of challenge for cause is confined to the prosecution. In this state, however,

the Legislature has apparently made no distinction between the state and the defendant—permitting either party to interpose a challenge upon this ground.

However, it is extremely difficult to see how defendant could be prejudiced by the service on the jury of one who, although he may believe defendant guilty of murder, would not return a verdict to that effect with the death penalty attached, where, as in this state, the jury in its discretion may either assess the punishment at death or at imprisonment for life. Taking the view of the statutes involved most favorable to defendant, viz., that they permit defendant to take a challenge for cause on this ground, nevertheless the burden is upon defendant to make it affirmatively appear that the challenged juror was clearly disqualified within the meaning of the statute.

In the instant case all that appears from the record is that the jurors mentioned have conscientious scruples against the infliction of the death penalty as a punishment for crime. The entire voir dire examination of these jurors is not before us. Whether or not the scruples or opinions are merely against the law itself, or are such as would interfere with the performance of his duty under his oath and preclude the juror from returning a verdict of guilty with the death penalty attached, does not appear. This court is not inclined to hold an error in the selection of the trial jury reversible which apparently did not result to the substantial prejudice of the defendant upon the trial; and where it does not clearly appear from the record that the conscientious scruples or opinions of the jurors complained of were such as would preclude them from returning a verdict of guilty of murder with the death penalty attached, it cannot be said that the trial court so abused its discretion in the selection of the jury as to commit reversible error in overruling defendant's challenges to these jurors for cause.

However, it may be added, for the future guidance of the trial courts in cases where the death penalty is provided as a punishment for crime, that the better practice would be to exclude all jurors who have conscientious scruples or opinions against the infliction of the death penalty, whether the challenge comes from the state or the defendant; or even if, without challenge, such is made to appear before the jury is sworn to try the cause, the court should of its own motion excuse the juror.

Certain instructions of the trial court are complained of, but the court has examined the transcript of the evidence, and we are convinced that the instructions fairly state the law of the case as applied to the facts, and are, when considered as a whole, free from any reversible error, and as favorable to the defendant as the evidence would warrant.

The other alleged error complained of was not properly raised in the court below.

For the reasons stated, the judgment is affirmed and the cause remanded to the lower court, with instructions to carry into effect its judgment.

DOYLE, P. J., and BESSEY, J., concur.