# CHEVES W. YOUNG v. STATE.

No. A-5992.  Opinion Filed Nov. 12, 1927.
Rehearing Denied Jan. 28, 1928.
(263 Pac. 167.)

John T. Levergood and Wright & Gill, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.  The plaintiff in error, hereinafter called defendant, was convicted in the superior court

of Pottawatomie county on a charge of robbery with firearms, and was sentenced to serve a term of 25 years in the state penitentiary.

Defendant and Jim Holloway were jointly charged, a severance was taken. It appears from the record that on August 14, 1925, one B. F. Gereld conducted a country store three miles west of Tecumseh. Just before dark on the day charged a Ford roadster with two men in it was driven to the front of the store. The men got out and one asked to purchase some tobacco. Gereld went into the store for it; the man gave him a dollar in payment; he opened the cash drawer, at which time he testified the man whom he identifies as defendant put a gun at his side and the other man, identified as Holloway, went behind the counter, pulled out the cash drawer and took the money.

The first contention argued is that the evidence is insufficient to sustain the verdict. Upon this point Gereld positively identifies defendant as the man who pointed the gun and Jim Holloway as the man who took the money. James Clark, a witness, testified that he came to the store of Gereld at the time charged; two men besides Gereld were there; as he stopped on the porch one of them came out and went to a car. He identified this person as Holloway. As witness went in the store, he met the other man coming out, and, while he does not positively identify him, gives as his best opinion that it was defendant. There was also evidence that defendant and Holloway habitually associated with each other and drove a Ford roadster with an Illinois tag on it, bearing also an additional tag with the words "Chicago Heights." There is further evidence that they were driving around together on the afternoon before the robbery in a Ford roadster which had this extra tag. On the night of and following the robbery they were seen driving this car, but the special tag

had been taken off. On the day following these extra tags were found in the turtleback of the car. There is some contention made that the evidence does not disclose that the robbery was committed by the use of a pistol. The record clearly refutes this claim. The defense was an alibi. Neither defendant nor Holloway testified. There is sufficient evidence to sustain the judgment. Its weight and credibility was for the jury.

It is next argued that the court erred in refusing defendant a new trial on the ground of newly discovered evidence. There is attached to the case-made what purports to be an addition authorized by order of this court made on June 15, 1926. This court made an order permitting defendant to withdraw the case-made for the purpose of correcting same. The matter attached to it, however, is not a correction nor addition made under the direction of the trial judge, but is a copy of a motion, and certain papers attached certified by the court clerk that the papers attached were filed in the trial court, which papers include the motion and affidavit for new trial on the ground of newly discovered evidence. There is nothing to show that the matter was submitted to or that the trial court ever took any action on this motion. We assume from the papers attached that the trial court refused to take action on this motion on the ground of newly discovered evidence because it was not filed at the term at which the judgment was rendered or during a vacation, or during the next term of court, as required by section 2755, Comp. St. 1921. The judgment was rendered in September, 1925, at the July, 1925, term. The motion was not filed until April 3, 1926. The October, 1925, term of the superior court and also the January, 1926, term of said court lapsed before this motion was filed. This was too late. In order to avail in this court, a motion for a new trial on this ground must be filed in the time provided by

the statute. Particularly is this true where it appears as in this case that the affidavit in support of the motion was made on October 16, 1925, well within time to have filed a motion in conformity with the statute. Parker v. State, 10 Okla. Cr. 541, 139 P. 708.

Complaint is further made that the trial court erred in giving a certain oral instruction to the jury and in remarks made in the presence of the jury. In the course of the trial evidence was offered as to the condition of the road near Tecumseh. In admitting this evidence the court said:

"The Court: Gentlemen of the jury, it is probably proper for the court to advise you here, this evidence is permitted to go to you as rebuttal. The defendant has interposed an alibi; that is, that he was somewhere else and could not have been at the place where the alleged crime was committed. This is allowed for the purpose of enabling you to arrive at whether or not he could have been at the place he said he was and at Gereld's store."

This it is argued is an instruction orally given and a comment on the weight of the evidence. No objection or exception, however, was made to the action of the trial court at the time this statement was made; it evidently being considered that limiting of the effect of this evidence was for the benefit of defendant. In the course of the trial the trial judge in a few instances asked questions of defendant's witnesses to which complaint is made. It is argued that said questions tended to disclose the opinion of the trial judge as to the credibility of the witnesses. This we think, however, is not apparent. In one instance, however, objection was made to a question by defendant's counsel of the witness Williamson as a repetition and suggestive. The court said:

"Objection sustained. It is a repetition and lead-

ing and telling him what to say. He is evidently willing to say it. Go ahead."

This was error, but an examination of this witness' testimony discloses he was extremely friendly to defendant, had volunteered somewhat in his answers, admitted that he farmed and made liquor and had been convicted for a violation of the liquor law. The question to which the objection was made was a repetition and leading. Under this state of the record, while the statement of the trial judge complained of was improper, it does not justify a reversal. There are some other incidental matters presented in the briefs, but none are of sufficient importance to call for discussion. Upon the whole record it is apparent that the case was fairly tried, the issues fairly submitted, and a verdict of guilty properly returned. We are of the opinion, however, that justice requires that the sentence be reduced to 15 years. While not a legal reason, this view is strengthened by the fact that the codefendant, separately tried for participating in this crime, was sentenced to only 15 years' imprisonment.

As modified, the case is affirmed.

DOYLE, P. J., concurs.

DAVENPORT, J., absent, not participating.