JIM L. HOLLOWAY v. STATE.

No. A-6070. Opinion Filed Nov. 19, 1927.
Rehearing Denied Jan. 28, 1928.
(263 Pac. 176.)

Wright & Gill, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called the defendant, was convicted in the superior court of Pottawatomie county on a charge of robbery with firearms, and was sentenced to serve a term of 15 years in the state penitentiary.

This is a companion case to No. A-5992, Young v. State, 39 Okla. Cr. 100, 263 P. 167, just decided. The evidence in this case is substantially the same as that in the Young Case. Defendant has filed the same brief with some additions as in the Young Case, the state has filed the same brief.

The principal assignments of error argued in this case have been considered and determined in the Young Case, supra. We adopt the reasoning stated there as applicable here without repetition.

There is in this case, however, the further assignment of error that the trial court made statements and comments indicating his opinion of the guilt of defend-

ant. This contention is directed to this: After the jury was qualified and sworn, and before any evidence was taken, the court inquired if any one of the jurors had conscientious scruples against the infliction of the death penalty. Two of the jurors answered in the affirmative. The court then stated the two jurors would be excused. Counsel for defendant objected, and the court said:

"The objection is sustained, and the exception allowed. You two jurors will retain your seats in the box. Gentlemen, I want the defendant to have a fair trial. I was only trying to protect the defendant. This law was made for the protection of the defendant."

To which remarks defendant excepted, and the trial proceeded.

The offense charged (robbery, as defined by section 1, c. 85, Session Laws 1923, as amended by section 1, c. 44, Session Laws 1925) has as its maximum punishment the death penalty. Section 2676, subd. 8, Comp. Stat. 1921, provides in substance that a juror entertaining conscientious scruples against the infliction of the death penalty in capital cases which would preclude his returning a verdict of guilty shall not be required, nor permitted, to serve on the jury. This court, in the case of Cardwell v. State, 20 Okla. Cr. 177, 201 P. 817, held in substance that, where the death penalty is provided as a punishment for crime, trial courts, without challenge, should excuse all jurors who have conscientious scruples to the degree stated against the death penalty, where such appears before the jury is sworn. After the jury is sworn, before evidence is taken, the juror should be excused, if challenged for cause by either side. See, also, Hopkins v. State, 9 Okla. Cr. 104, 130 P. 1101, Ann. Cas. 1915B, 736. It was proper for the trial court to have made the inquiry before the jury was sworn. After being sworn, before any evidence was

taken, the challenge might have been interposed by either the state or the defendant. It cannot reasonably be contended that the action or statement of the court was an expression or intimation of opinion of defendant's guilty. It was not prejudicial.

Complaint is further made of the court's instructions Nos. 3 and 5. The state contends that this assignment of error is not properly preserved, as it was not assigned as error in the motion for a new trial, nor assigned in the petition in error attached to the case-made. It appears for the first time in an amended petition in error attached to the case-made, which amended petition does not appear to have been filed. Counsel for the state also contend that no exception was taken to these instructions. It is unnecessary to determine that matter, as it is well settled that errors other than fundamental or jurisdictional errors which were not incorporated in the motion for a new trial and submitted to the trial court, and its ruling thereon excepted to and afterwards assigned as error in this court, cannot be reviewed here. Numerous authorities of this court support this rule. We have examined these instructions, they are substantially correct, and certainly present no fundamental or jurisdictional error.

The case is affirmed.

DOYLE, P. J., concurs.

DAVENPORT, J., absent, not participating.