## LEE GRAHAM v. STATE.

No. A-6826.   Opinion Filed Nov. 16, 1929.
(282 Pac. 695.)

Douglas Allen, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.  Lee Graham, plaintiff in error, hereinafter called defendant, was jointly charged with Otto Childs in the district court of McCurtain county, Okla., of the larceny of 1,900 feet of pine logs, the property of the Choctaw Lumber Company, of the value of $9.50.  On the joint trial the county attorney, after the evidence was all in, dismissed the case as to Childs.  The jury returned the verdict finding the defendant guilty as charged and assessing his punishment at a fine of $25.  The judgment was rendered in accordance with the verdict, and the appeal appears to be properly perfected to this court.

The testimony on the part of the state shows that this defendant who was running a small sawmill in McCurtain county took three logs of a certain pine tree located on the W. ½, S. E. ¼, S. E. ¼, section 24, township 5, range 23, in McCurtain county, which particular logs were the property of the Choctaw Lumber Company.

There is a sharp conflict in the evidence in this case. It was for the jury to reconcile these conflicts and to determine which witnesses to believe and which not to believe. If the jury believed the evidence offered by the state, this conviction is sufficiently sustained by the evidence. Choate v. State, 37 Okla. Cr. 314, 258 Pac. 360; Mayse v. State, 38 Okla. Cr. 144, 259 Pac. 277.

It is next contended that the trial court erred in permitting the name of the witness, John Craig, who testified for the state, to be indorsed on the information after the trial began. This court has repeatedly held that it is a matter within the discretion of the trial court to permit the name of additional witnesses to be indorsed on the information after the trial begins. Grayson v. State, 12 Okla. Cr. 226, 154 Pac. 334; Bradshaw v. State, 16 Okla. Cr. 624, 185 Pac. 1102. No abuse of discretion is shown in this record in permitting the witness Craig to testify.

It is next contended that there was error in permitting the witnesses, Parks and Moreland, to testify for the state without their names being indorsed on the information. It is a sufficient answer to this charge to state that no objection was interposed to the giving of testimony on the part of either of these witnesses. The failure of the defendant to object and except to the action of the trial court in permitting these witnesses to testify, if their names were not indorsed on the information, was waived by the failure to object and except. Lloyd v. State, 15

Okla. Cr. 130, 175 Pac. 374; Cardwell v. State, 20 Okla. Cr. 177, 201 Pac. 817.

Finally it is contended that the trial court erred in excluding certain evidence on cross-examination of the witness Craig, which had for its purpose the development of the fact that said witness was prejudiced against the defendant. An examination of the record discloses that there is no showing of what this witness would have testified to had he been permitted by the trial court to answer the questions propounded to him. The record therefore presents nothing for this court to pass upon. Warren v. State, 6 Okla. Cr. 2, 115 Pac. 812, 34 L. R. A. (N. S.) 1121; Francis v. State, 22 Okla. Cr. 287, 211 Pac. 433.

The evidence in this case was sufficient to support the verdict of the jury. The error of law complained of not being fundamental, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.