## DON BIG ELK v. STATE.

No. A-7443.   Opinion Filed June 21, 1930.
Rehearing Denied Aug. 23, 1930.
(290 Pac. 420.)

John W. Tillman, Fred A. Tillman, and Welcome D. Pierson, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was convicted of driving an automobile while intoxicated, and his punishment fixed at confinement at the state reformatory at Granite for a term of one year and to pay a fine of $50 and costs, from which judgment the defendant has appealed.

The evidence on the part of the state, in substance, shows that on the 14th day of September, 1928, the defendant was driving a car on the public highway between the cities of Wynona and Pawhuska, Osage county, Okla., and while so driving he was drunk and ran into the automobile being driven by a Mr. Shanks; that the defendant wobbled back and forth from one side of the road to another in his car and appeared to have lost control to such an extent that he turned his car across the road and ran out of the road across a ditch and remained there for some time; that he went to sleep in his car with the car in gear and ignition turned on; that Mr. Shanks drove to Pawhuska and reported the condition of the defendant, and officers came out and took him into custody.

At the close of the state's testimony, the defendant filed a general demurrer to the evidence, which demurrer was overruled, and the defendant duly excepted.

Twenty-two errors have been assigned by the defendant as grounds for reversal of this case. The first assignment is error of the court in overruling defendant's motion for a new trial. In the discussion of the assignments of error the defendant consolidates and argues the fifth, sev-

enth, eighth, thirteenth, and fourteenth together. The defendant urges that the argument of the county attorney and his assistant to the jury was grossly improper and unwarranted and did injuriously affect the rights of the defendant, insisting that in the argument the assistant county attorney did not argue the facts but requested the jury to permit the court to fix the punishment, and that the jury did return a verdict finding the defendant guilty, leaving the punishment to the court.

From an examination of the record we fail to find any requested instruction to direct the jury, if it should find the defendant guilty, to assess the punishment. In the absence of any special request by the defendant asking the court to instruct the jury that if it should find the defendant guilty, it should assess the punishment, it was not error for the jury to return a verdict of guilty, leaving the punishment to the court, as required by section 2751, C. O. S. 1921.

The defendant in presenting his argument in support of the eighth assignment urges that the statement of the court, "And it being further within the knowledge of the court from the record of the court, that the defendant herein has heretofore and in the period of six months prior hereto, entered a plea of guilty to a similar offense as charged in the information," was a statement prejudicial to the rights of the defendant, citing, in support of his contention, State v. Hyde, 234 Mo. 200, 136 S. W. 316, Ann. Cas. 1912D, 191.

An examination of the record shows that the remark attributed to the court by the defendant was made after the jury had returned its verdict into court finding the defendant guilty, and could not in any way whatever influence the jury in arriving at its verdict. It may be that

in passing sentence on the verdict returned by the jury and fixing the term of imprisonment that the court took into consideration the fact that the defendant had previously been convicted of a similar charge.

Many errors are presented by the defendant in this case, and they have been carefully considered, and the authorities cited in support of the same have been read with great care. From the reading of the record and the errors assigned, and the authorities cited in support of the same, we fail to find any error in the record of sufficient merit to warrant a reversal of this case. The defendant was accorded a fair and impartial trial. The instructions to the jury were as fair to the defendant as the facts in the case justified. Finding no fundamental or prejudicial errors sufficient to warrant a reversal, the judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.