S. A. HERREN et ux. v. STATE.

No. A-7523. Opinion Filed Nov. 22, 1930.
(293 Pac. 276.)

224

John L. Hodge, for plaintiffs in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Carter county of the crime of unlawful possession of intoxicating liquor, and each of their punishments fixed by the jury at a fine of $100 and imprisonment in the county jail for 30 days.

Since the filing of the appeal in this case, the defendant S. A. Herren has died, and the case as to him is therefore abated.

The evidence of the state was that they had two search warrants, one for the filling station and one for the private residence of the defendants. Two of the officers went to the residence with the warrant for a search of the residence, and found the defendant Mrs. S. A. Herren pouring whisky from half-gallon jars into the bowl of the toilet in the bathroom; that one of the officers looked through the window in the bathroom and saw her pour the contents of three half-gallon jars into the bowl of the toilet; that later a child opened the door and the other

officer on going into the toilet handed a copy of the search warrant to Mrs. Herren and seized the jar which she was pouring out, which contained about one-half pint of whisky; that they found a number of half-gallon jars smelling of whisky on the floor in the bathroom.

Mrs. Herren testifying at the trial denied that she had poured out any whisky, but said she was washing empty jars her husband had bought from children who had brought them to the filling station. This evidence was sufficient to authorize the jury to return a verdict of guilty.

The defendant moved to suppress the evidence because it was unlawful to search a private residence. On the hearing of this motion, the defendant introduced a copy of the affidavit to search the residence and a copy of the warrant with the return thereon. An examination of the affidavit and search warrant discloses that they are in proper form and sufficient under the law to authorize the search of defendant's premises.

Defendant next contends that the jury was improperly impaneled, because the court did not require the state to exercise its peremptory challenges alternately with the defendant, or waive the same.

We are unable to tell from the record just what did occur, but there is nothing in the record to indicate that the defendant was prevented from having a fair and impartial jury, and no complaint made that the jury so obtained were biased and prejudiced against the defendant, nor that defendant was denied a fair trial by such jury. Since no injury or prejudice is claimed by the defendant by reason of the claimed irregularity in the exercise of the challenges, the irregularity complained of is insufficient to require a reversal of the case.

Defendant next contends that the search was illegal, for the reason that the warrant directed the officers executing the same to make return thereof within 10 days, instead of the three days provided by section 7009, C. O. S. 1921.

The record discloses that the warrant was issued on the 22d day of February, 1929, and served and returned on the same day. Under section 7009, supra, the service and return must be within three days from the date of the issuance of the warrant. The service of the warrant after three days would have been void and the evidence inadmissible, but, since the service was made within three days, the fact that the warrant purported to authorize its service within ten days was an irregularity which would not render the warrant void, nor prevent its legal service within three days.

Defendant complains of other errors, but, there being nothing in the record to support such claims, they present no question for this court.

The evidence being sufficient to support the verdict of the jury, and the errors of law complained of being without merit, the cause is affirmed as to Mrs. S. A. Herren.

It appearing to the court that the defendant S. A. Herren is now dead, the cause is abated as to him.

EDWARDS, P. J., concurs.

DAVENPORT, J., absent.