### FRED MOBBS v. STATE.

No. A-8066.    Sept. 5, 1931.
(2 Pac. [2d] 974.)

I. O. Correll and Robert N. Allen, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Atoka county of the crime of unlawful possession of intoxicating liquor, and his punishment fixed by the court at a fine of $100 and confinement in the county jail for a period of 30 days.

The evidence of the state was that the officers had a search warrant and on searching defendant's premises found five or six gallons of Choctaw beer; that they drank some of it and that it was intoxicating, one of the officers testifying that he felt the effects of it after drinking it, and all testifying to their experience with Choctaw beer and to the fact that it was intoxicating; that defendant's place was a place of public resort and that its reputation as being a place where intoxicating liquors were kept for sale was bad.

Defendant testifying for himself admitted that he had the beer, but claimed that it was not intoxicating and that he had it for his own use.   On cross-examination he

admitted that he had previously been convicted of violation of the prohibitory liquor laws.

Defendant contends first that the evidence is insufficient to support the verdict of the jury. This contention is without any merit.

Defendant next contends that the court erred in overruling his motion to suppress the evidence obtained by the search, for the reason that the affidavit was made on information and belief.

The jury were excused. The state produced the affidavit and the warrant. Defendant then sought to cross-examine the officer who made the affidavit, for the purpose of showing that he had no actual information upon which to base his affidavit. When the state objected, the trial court examined the affidavit and warrant and overruled defendant's motion.

In Ray v. State, 43 Okla. Cr. 1, 276 Pac. 785, this court said:

"Where the affidavit and search warrant are sufficient on their face, the evidence obtained by the search is admissible, and the court will not permit the accused, after the warrant has been executed, to show that the statements in the affidavit are not true, or to raise any question as to the accuracy or source of the affiant's information or the means by which it was obtained."

See, also, Herren v. State, 49 Okla. Cr. 223, 293 Pac. 276.

Defendant's motion to suppress was properly overruled.

Defendant next contends that the court erred in sentencing him on the same day that the jury returned its verdict.

Neither the defendant nor his counsel made any objection at the time judgment and sentence was pronounced, nor did they allege in their motion for new trial that the court was without authority to pronounce such judgment and sentence, and they did not in their petition in this court complain of such alleged error.

Errors occurring during the trial cannot be considered unless they were incorporated in the motion for a new trial, and thereby submitted to the trial court, and its ruling thereon excepted to, and afterward assigned for error, unless such error is fundamental. Ledgerwood v. State, 6 Okla. Cr. 105, 116 Pac. 202; Mitchell v. State, 7 Okla. Cr. 563, 124 Pac. 1112; Dew v. State, 11 Okla. Cr. 581, 149 Pac. 917; Brashears v. State, 38 Okla. Cr. 175, 259 Pac. 665.

The record presents no question for this court upon the legality of the judgment and sentence pronounced against the defendant.

A careful examination of the record discloses no fundamental error, and the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.