JIM BALLEW et al. v. STATE.

No. A-8591.  Jan. 12, 1934.
(28 Pac. [2d] 993.)

H. A. Johnson, for plaintiffs in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.  Jim Ballew and Joe Smith were jointly charged in the district court of Logan county with the crime of forgery in the second degree.  The jury re-

turned a verdict of guilty against each defendant, but failed to agree upon the punishment, and the trial judge fixed the punishment of Jim Ballew at imprisonment in the state penitentiary for a term of six years, and the punishment of defendant Joe Smith, at imprisonment in the state penitentiary for a term of five years.

The evidence of the state was that the defendants came to Guthrie about the 2d or 3d of November, 1932, and met the prosecuting witness, Tom Withers, at the Fairmont Creamery, where Withers was at that time unloading some beeves for storage in the cold storage plant of the creamery; that defendants represented to Withers they desired to buy a beef to be used at the barbecue of the American Legion at Perry, on November 11th; that Withers sold them a beef for $18.50; that defendant Ballew represented he was one A. C. Rosamond, and presented a cashier's check purported to be drawn on the Union Trust & Savings Bank of Borger, Tex., in the sum of $100; that Withers, relying upon this check to be a true and genuine check and relying upon defendant Ballew to be the aforesaid A. C. Rosamond, to whose order the check was made payable, took the check in payment of the beef and gave defendant Ballew in exchange $81.50 in money; that Withers advised defendants if they wanted any more beeves they could reach him by telephone at Coyle, Okla.; that on two subsequent occasions, a day or two after the transaction for which defendants were prosecuted, defendant Smith called Withers at Coyle and made arrangements to buy some more beeves, and in payment of these beeves Smith gave Withers two other fictitious and counterfeit cashier's checks, one in the sum of $75 and the other in a sum greater than the beef came to; that Withers deposited all of these checks in the bank at Coyle, and later they were returned as being counter-

feit and fictitious and as there being no such institution as the Union Trust & Savings Bank of Borger, Tex.; and that the defendants thereby defrauded Withers by obtaining three beeves and more than $1.75 in money.

Defendant Ballew testifying for himself admitted he gave the $100 cashier's check to Withers and that at the time he did so he thought the check was fictitious and of no account, but that he gave the check to Withers on the night of November 4, 1932, in Noble county, in exchange for 36 gallons of whisky and paid Withers $8 in money; that he obtained possession of this check from a purported friend who was on his way to Webb City, Mo., and requested defendant to take the check and use it in paying for the whisky for which he had contracted, but did not claim that his friend had made any deal with the prosecuting witness.

It also appears from the evidence that defendant Ballew had been convicted on two previous occasions of violation of the liquor laws; that Smith had likewise been convicted of a violation of the liquor laws; that their negro friend, Porter Williams, had also been convicted of violation of the liquor laws.

It is first contended the court erred in overruling the demurrer to the information.

This assignment of error is based on two propositions: First, that the information is duplicitous in that it charges the defendants with two separate crimes, one of which is the possession of the alleged false and counterfeit cashier's check with intent to utter the same as genuine; and second, that the instrument shows on its face it is not such an instrument as is capable of defrauding anybody.

In Strong v. State, 42 Okla. Cr. 248, 275 Pac. 385, this court said:

"Where an accused is charged with forgery in the second degree in selling a forged instrument with intent to injure and defraud, a statement in the information, 'having in possession such forged instrument,' is incidental to the selling and does not render the information duplicitous. Such allegations are of a continuing transaction and may properly be charged in the information as one offense."

It is self-evident a person could not exchange or utter a false or bogus instrument without having possession of it, and the fact that preliminary to the charge of passing or uttering the instrument, the pleader charged possession with intent to utter such instrument would not make the pleading duplicitous, as possession with intent to utter is by statute made forgery in the second degree, as is also the uttering of such instrument. The crimes are identical and the one of possession is merged in the one of uttering where the uttering of the instrument follows the possession thereof. The trial judge in its instruction to the jury properly limited their consideration to the acts of these defendants in uttering the particular instrument.

An examination of the record discloses that the second ground—that the instrument shows on its face it is not such a one as is capable of defrauding anybody—arises out of the fact that a clerical error was made in the copying of the instrument alleged to have been forged and counterfeited into the information. The information contains all of the language of the original instrument, but it is transposed in such a way that it appears to be almost unintelligible. This is borne out by the fact that the original instrument was offered in evidence and a true copy thereof appears in the case-made. On its face the instrument introduced in evidence appears to be a cashier's check for payment of $100. It was in possession of these

defendants and they jointly uttered the same. That their purpose was to defraud the prosecuting witness, Withers, clearly appears from the evidence. The instrument passed by defendants was the equivalent of a certified check on that bank and defendants will not be permitted to rely on a technical defense such as is here interposed as ground for demurrer to the information, when in fact they indorsed the check and uttered and passed it to the prosecuting witness. Defendant Ballew having represented himself to be the payee of such check, is estopped from claiming any alleged defect on the face of the check, especially after he indorsed it and passed it to the prosecuting witness.

It is next contended the trial court erred in admitting certain alleged hearsay evidence over the objection of defendants.

It appears from the record that the prosecuting witness deposited this particular check in the bank at Coyle, Okla., and received thereon the sum of $100, the amount for which the check was made payable. It is apparent, therefore, that there was nothing on the face of the check that led the bankers at Coyle to believe it was irregular or unintelligible. In the course of banking business the check was returned to the bank at Coyle with a slip attached noting that there was no such bank in existence as the Union Trust & Savings Bank of Borger, Tex. At the time of the trial, this slip with the notation on it had been lost and the witnesses, having knowledge of the return of the check and the statements contained in the notation on the slip, were permitted to testify both as to the return of the check and as to the reason the same was returned.

It is contended the slip itself was the best evidence of what was on it, and that to permit the witnesses to testify as to the notation on the slip was permitting the introduction of hearsay evidence. This might be true were it not for the fact that it was disclosed that the slip had been lost. Proof of the loss having been made, it was proper to permit the witnesses who had knowledge of the contents of the slip to testify to facts within their knowledge. This evidence related to a business transaction which was conducted in the usual course of banking business, and, in the absence of the slip itself, secondary evidence of its contents was admissible. Boone v. State, 15 Okla. Cr. 29, 175 Pac. 61.

It is next contended the court erred in refusing to give defendants' requested instructions Nos. 1 and 2.

The trial court in instructions Nos. 2, 3, 7, and 8 correctly stated the law of the case, and in substance those given contain all of the matters asked for in defendants' requested instructions.

It is next contended the court erred in failing to instruct the jury that it was their duty to fix the punishment.

Neither defendants nor their counsel requested the court to instruct the jury to fix the punishment.

Where defendant does not request this instruction, it is not error for the trial court to fail to give it. Don Big Elk v. State, 48 Okla. Cr. 240, 290 Pac. 420.

It is next contended the court erred in giving instruction No. 6, which reads as follows: "You are further instructed that testimony has been presented to you that certain witnesses who have testified before you have been previously convicted of a crime, and in that regard you

are instructed that no person shall be disqualified as a witness in any criminal action or proceeding by reason of his conviction of a crime, but such conviction shall be considered by you only for the purpose of affecting the credibility of such witness and the weight and value which you shall give to his testimony."

In this connection it is contended that the crimes referred to in said instruction were only misdemeanors not involving moral turpitude, and that the instruction is erroneous in that it does not confine the jury's consideration for imprisonment purposes to crimes of felonies or misdemeanors which involve moral turpitude. This court has repeatedly held that a conviction for any crime may be shown for the purpose of affecting the credibility of a witness. Reagan v. State, 35 Okla. Cr. 332, 250 Pac. 435; Strickland v. State, 46 Okla. Cr. 190, 284 Pac. 651.

In Gore v. State, 25 Okla. Cr. 214, 219 Pac. 153, this court held that the question of moral turpitude is not the test.

There was no error, therefore, in the giving of the instruction complained of.

Finally, it is contended the trial court erred in making certain prejudicial remarks in the presence of the jury.

Only one of the prejudicial remarks claimed to have been made by the court was excepted to. This question is not properly before us, for the reason that neither in the motion for a new trial nor in the petition in error filed in this court was the question of prejudice to these defendants because of remarks of the trial judge ever raised. Mobbs v. State, 52 Okla. Cr. 64, 2 Pac. (2d) 974; Langley v. State, 53 Okla. Cr. 401, 12 Pac. (2d) 254.

The Attorney General in his brief says: "These parties are clearly guilty of the crime. The defense interposed was apparently a fabricated one. The court properly instructed the jury on the law of the case, and in the opinion of the writer of this brief, the only error presented to this court possessing any semblance of merit was never raised in the trial court in the motion for new trial nor by the petition in error filed in this court. It is not a jurisdictional error nor one affecting the substantial rights of these defendants. It would appear, therefore, that if the court believes error was committed and they should recognize the same, although not properly raised, that at most the punishment should be modified and not the conviction reversed."

Considering the whole record, justice will be done by modifying the judgment and reducing the punishment of defendant Ballew to imprisonment in the state penitentiary for four years and of defendant to imprisonment in the state penitentiary for three years, and, as modified, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.