## ALBERT DOCKER v. STATE.

No. A-8933.   Oct. 25, 1935.

(50 Pac. [2d] 762.)

F. Leonard Sibel, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, for convenience hereinafter referred to as the defendant, was convicted of burglary in the second degree, and his punishment fixed at imprisonment in the state penitentiary for two years.

The testimony of J. F. Shultz, on behalf of the state, is, in substance, as follows:

"I live at 1611 West Cleveland, Guthrie, Okla.; on the 6th day of September, 1933, I had a store at 1718 West Noble, in Guthrie; when I came to open the store, I found a glass had been broken out of one of the windows; that a bed spring and board that had been nailed over the window as a shield to protect the window was partly down;

I then investigated and found some of my rugs had been taken, among others was a congoleum rug; I notified the officers and later went with the police to the place of Mr. Bowen, who had my rug. Mr. Bowen gave a description of the rug to the officers and I later identified it. One rug that was taken was a 9x12, and one was 6x9. They were new when taken, but secondhand when we found them, as they had been used."

Further testimony showed that the defendant sold this rug to Mr. Bowen for $2.50 about 8 o'clock the night of September 6, 1933. The defendant did not deny he sold the rug to Mr. Bowen. The defendant claims to have purchased the rug from one Curtis Ashworth for 50 cents. The defendant states he delivered the rug to Mr. Bowen about 5 o'clock in the afternoon. The defendant further in his testimony admits he had pleaded guilty to two felonies prior to this charge.

W. F. Wanzer, testifying for the defendant, stated the defendant had worked for him for some time, and had always been reliable and trustworthy while working at his place.

The state offered testimony of the officers making the arrest showing that Mr. Bowen, some time after the rugs were taken, reported to them he had a rug he had bought from the defendant, and the officers went and examined the rug, and then called Mr. Shultz, from whose store the rug was taken, and identified the rug as one of the rugs taken from his store.

John Mahoney, chief of police, stated after they learned of the burglarizing of the Shultz store, on or about the 6th day of September, 1933, they investigated the case and arrested the defendant and had him at the police station; that Ashworth, the other boy they had arrested, was in jail in the city jail; after Docker was brought

in they each told their story as to how they came into possession of this rug; neither of them admitted he was the one who went into the building, but stated the rugs were taken out of the building and carried south on Fifth street, and up to the east end of town, and then over to Mr. Bowen's home by Docker, the defendant. "The defendant told me just how it happened." The other officers corroborated the chief of police in this statement. The only conflict in the testimony is that the defendant denied he went into the building and took the rug, but claims he bought it from Curtis Ashworth.

The defendant, in his first assignment of error, states that the court erred in overruling his motion for a new trial. An examination of the motion for a new trial discloses that the only ground set forth in the motion for new trial is that the verdict rendered and found is contrary to the law and evidence.

The defendant, in his petition in error, has assigned several errors alleged to have been committed by the trial court, but upon an examination of the record it discloses that he did not direct the court's attention to these assigned errors by incorporating them in his motion for a new trial. An assignment not incorporated in a motion for a new trial that does not relate to any fundamental or jurisdictional question cannot be considered by this court.

This court has repeatedly passed upon the question as to its jurisdiction to consider errors assigned, and has universally held that errors occurring during the trial, unless fundamental or jurisdictional, cannot be considered in this court unless they are incorporated in the motion for a new trial, and thereby submitted to the trial court, and its ruling thereon excepted to, and such ruling after-

ward assigned as error in this court. Ledgerwood v. State, 6 Okla. Cr. 105, 116 Pac. 202; Crump v. State, 7 Okla. Cr. 535, 124 Pac. 632; Stinchcomb v. Myers, 28 Okla. 597, 115 Pac. 602; Cardwell v. State, 20 Okla. Cr. 177, 178, 201 Pac. 817.

Only those assignments of error preserved in the motion for a new trial will be considered on appeal, unless the error is of fundamental character. Duncan v. State, 40 Okla. Cr. 347, 268 Pac. 998; Holloway v. State, 39 Okla. Cr. 88, 89, 263 Pac. 176; Ballew et al. v. State, 55 Okla. Cr. 247, 28 Pac. (2d) 993.

The evidence is sufficient to sustain the verdict. The defendant was accorded a fair and impartial trial. There are no fundamental or jurisdictional errors in the record. The jury was correctly instructed as to the law applicable to the facts. The case is affirmed.

EDWARDS and DOYLE, JJ., concur.