**Application of Dallas Quinton SHARP for a Writ of Habeas Corpus.**

**No. A-13958.**

Court of Criminal Appeals of Oklahoma.
May 23, 1966.

Jerry D. Sokolosky and Thomas C. Lynn, Oklahoma City, for petitioner.

Charles Nesbitt, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for respondent.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge.

Dallas Quinton Sharp was charged by information in the District Court of Beckham County with the crime of Murder. He was tried by a jury who found him guilty and fixed his punishment at death. On the 20th day of May, 1964, judgment and sentence was pronounced in accordance with the verdict of the jury. Thereafter, a timely appeal was perfected to this Court, fully briefed and argued, and an opinion rendered on the 27th day of October, 1965, affirming said conviction and reported as Sharp v. State, Okl.Cr., 407 P.2d 593.

This proceeding was instituted on the 29th day of March, 1966, wherein petitioner seeks his release from confinement under the aforementioned judgment and sentence. As grounds for his release, petitioner alleges:

"1. That petitioner was not afforded the assistance of counsel at all critical stages of criminal proceedings in the State of Oklahoma as required by the 6th amendment to the Constitution of the United States of America as made obligatory upon the State of Oklahoma by the 14th Amendment and by Article II, Section 20 of the Oklahoma Constitution.

a. Defendant was not advised of his right to counsel and did not have the benefit of counsel during the accusatory stage of interrogation by arresting officers.

2. That petitioner was not afforded the protection guaranteed him under the Constitution of the United States of America, in that evidence was extracted from him involuntarily, in violation of the 5th amendment to the Constitution as made obligatory upon the State of Oklahoma by the 14th amendment and by Article II, Section 21 of the Oklahoma Constitution.

a. Investigating officers extracted a statement from defendant without ad-

vising him of his right to remain silent and without aid of counsel.

b. A blood test was taken from defendant without advising him of his right to refuse same and a shot was injected into his body to induce sleep.

3. That petitioner was not afforded a trial by an impartial jury as guaranteed by the 6th amendment to the United States Constitution as made obligatory upon the State of Oklahoma by the 14th amendment and by Article II, Section 20 of the Oklahoma Constitution.

a. The jury selected was not impartial in that those opposing the death penalty were not allowed to serve as jurors.

4. That petitioner was otherwise restrained of his civil liberties in violation of due process of law."

The State of Oklahoma, by and through its Attorney General, filed a Response to petitioner's application and oral argument was held thereon on the 20th day of April, 1966. At said hearing, counsel for petitioner requested that this Court assume original jurisdiction, issue the writ prayed for, and conduct further evidentiary hearing on the issues raised in the petition. The State of Oklahoma resisted the issuance of said writ and argued that no further evidentiary hearing would be necessary since all issues raised could be determined by an examination of the case-made on file in this Court in Dallas Sharp v. State of Oklahoma, A-13554, supra. The Court then instructed that briefs be submitted in support of the pleadings of both parties. The briefs of the respective parties have been filed in accordance with this Court's order and we must now determine on the record before us whether the writ prayed for should issue and further evidentiary hearing be held.

■■ At the outset we observe that all of the issues which the petitioner now seeks to raise were in existence at the time the original appeal was perfected to this Court and that ordinarily this Court would not consider petitioner's application, for it is the general rule that habeas corpus is not a substitute for an appeal. In view of the fact that petitioner is under a sentence of death and all issues raised can be determined from an examination of the record on file in Sharp v. State, A-13554, we have carefully considered the contentions of petitioner.

■ We are of the opinion that the first and second contentions urged by petitioner are without merit, for it does not appear that the State of Oklahoma obtained any confession or admission upon which it relied for conviction during the time that said petitioner was in custody and without the assistance of counsel, and for the further reason that petitioner, and not the State, introduced and relied upon the results of the blood test and cannot now complain that he was injured thereby.

■ We are likewise of the opinion that petitioner's third contention that the jury selected was not impartial in that those opposing the death penalty were not allowed to serve as jurors is without merit, for we have repeatedly held that 22 O.S.1961, § 660 requires a juror's removal for cause if he has conscientious opinions concerning capital punishment that would preclude his finding the defendant guilty. See Cardwell v. State, 20 Okl.Cr. 177, 201 P. 817 and Reed v. State, 2 Okl.Cr. 589, 103 P. 1042.

Our examination of the record on file in Sharp v. State, A-13554 on the issues raised on appeal and a re-examination of the record on the issues here presented, lead us to the inescapable conclusion that the petitioner was ably represented on the trial and appeal by competent counsel, his constitutional rights were fully protected by the trial court, and the verdict of the jury was amply supported by the evidence. We must accordingly deny the relief prayed for. Writ denied.

NIX and BRETT, JJ., concur.