Dexter Wayne WEBB, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–78–7.

Court of Criminal Appeals of Oklahoma.

Oct. 30, 1978.

John T. Elliott, Public Defender, Oklahoma County, Stephen J. Korotash, Legal Intern, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Jerry Earl Benson, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

Appellant, Dexter Wayne Webb, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–77–512, of the offense of Robbery With Firearms, in contravention of 21 O.S.1971, § 801. Punishment was fixed at fifteen (15) years' imprisonment. From this judgment and sentence defendant has perfected this appeal.

The facts of the case are that on February 3, 1977, at approximately 4:00 p. m., Mr. Ellison Johnson, age 74, observed four youths walking in front of his residence. Defendant then came to the door to inquire about the adjoining half of the duplex. A few minutes after leaving, defendant and three others returned. The four individuals gained entry into Mr. Johnson's residence by breaking the hook latch on a screen door

and pushing open a wooden door. Mr. Johnson was thrown to the floor and held there by defendant while the other participants searched his home. At one point, Mr. Johnson's handgun was found and was pointed at him. Officers then arrived, and two youths broke out the bathroom window and fled, with officers in pursuit. The remaining two individuals were arrested inside the house and Mr. Johnson's weapon was recovered. Three watches belonging to Mr. Johnson were found on the ground outside the bathroom window. The defendant contended that he had not participated in the robbery, but had only been in an alley behind Mr. Johnson's residence when the police arrived. He stated he ran because he had a marihuana cigarette in his pocket and was afraid of being arrested.

The defendant contends in his first assignment of error that an evidentiary harpoon denied him a fair trial. The complained of remark is as follows:

"Q. (By Mr. Monard) Officer Culbertson, I have what's marked as State's Exhibit Number One and State's Exhibit Number Two. Would you look at these items and tell me whether you've ever seen them before.

"A. Yes, sir. I've seen this weapon. This is the weapon that one of my partners handed to me that was supposed to have been used in the murder and robbery."

We first note that no objection was raised by counsel to this statement. In *Wallace v. State*, Okl.Cr., 562 P.2d 1175 (1977), it has been held that unless objection is made to evidentiary harpoons, any errors are waived and cannot be raised for the first time on appeal. We further find that the evidence presented to the jury was that the gun belonged to the complaining witness, Mr. Johnson. He had recently purchased the weapon at a pawn shop, and the defendant and his associates obtained the gun from a table during the robbery.

We find no merit in defendant's second assignment of error. Defendant contends the prosecutor implied the defendant had committed other crimes in asking

the following question: "Now, then, you just testified that you haven't been in trouble with the law before, is that correct?" The language of *Agee v. State,* Okl.Cr., 562 P.2d 913 (1977), covers this situation. After reiterating the rule that evidence of other crimes must come within one of the recognized exceptions to be admissible, this Court stated:

"However, a thorough reading of the transcript by this Court has failed to reveal the type of evidence in this case which this rule is intended to exclude. In this case there is only an implication of another crime, an implication obvious only to the defense counsel. To extend the protection of this rule to every possible implication which might be conceived by defense counsel would be a severe stretching of the rule. . . ."

Defendant contends in his third assignment of error that the chain of custody of the weapon used in the robbery was not established. This issue was not presented in the motion for new trial and unless it is fundamental in nature, it is not reversible. See *Crabb v. State,* Okl.Cr., 425 P.2d 617 (1967), and *Mobbs v. State,* 52 Okl.Cr. 64, 2 P.2d 974 (1931). In the present case, the victim of the robbery testified that the participants in the robbery found and then pointed his own gun at him. Officer Burnett testified that upon entering the house he had observed a participant with the gun and that he took the gun into custody. This unrefuted testimony alone was enough to convict for the crime charged. The failure of the State to identify the weapon at trial by serial number or by markings was not such an error that the defendant's fundamental rights were prejudiced thereby.

Accumulation of error is asserted by the defendant in his final assignment of error. This Court has held on many prior occasions that if previous assignments of error were without merit, then a final assignment claiming accumulation of error is also without merit. See, *Leppke v. State,* Okl.Cr., 559 P.2d 459 (1977).

We note that the State, in its arguments, relied to some extent on the failure of the defendant to except to adverse rulings by the trial court. Title 22 O.S.1971, § 861, pertains to the necessity of making formal exceptions and reads as follows:

"Formal exceptions to rulings or orders of the court in criminal proceedings shall not be necessary but for all purposes for which an exception has heretofore been necessary at the trial of a cause it shall be sufficient that a party, at the time the ruling or order of the court has been made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court with his general grounds therefor."

This is basically the language of 12 O.S. 1971, § 630. In interpreting this statute, the Supreme Court of Oklahoma has held that formal exceptions are not necessary but that objections must be made at an appropriate time, *Garret v. Lacquement,* Okl., 306 P.2d 696 (1956); the action the party desires and the grounds for such actions should be made known to the court, *Fawcett Publications, Inc. v. Morris,* Okl., 377 P.2d 42 (1962). These views were reiterated in *Fitts v. Standard Life & Accident Insurance Co.,* Okl., 522 P.2d 1040 (1974). The Oklahoma Supreme Court in that case stated:

"It is clear under the statute that formal exceptions are not necessary where (1) the party at the time of the ruling or order makes known the action which he desires the court to take or (2) states his objection to the court and his grounds therefor."

In applying these standards to the present case, we find that defendant clearly meets these requirements in one if not both instances cited by the State.

Based on the above and foregoing resolution of issues, we find that the judgment and sentence should be and is, hereby, *AFFIRMED.*

BUSSEY, P. J., and CORNISH, J., concur.