**Hershel Dean ASHLOCK, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–81–695.**

Court of Criminal Appeals of Oklahoma.

March 5, 1982.

---

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Susan Talbot, Asst. Atty. Gen., Oklahoma City, for appellee.

## ORDER

The appellant, Hershel Dean Ashlock, waived a jury trial and stipulated to the State's evidence; he was thus convicted in the District Court of Tulsa County, in Case No. CRF–80–2072, of Burglary in the First Degree, After Former Conviction of Felonies, was sentenced to twenty (20) years' imprisonment, and he appeals.

As his sole assignment of error, he contends that the trial court erred in allowing the State to prosecute him as a habitual criminal and enhance his punishment by admitting his prior convictions in the District Court of Tulsa County, Cases No. CRF–73–841 and No. CRF–73–1024, that the judgments were invalid and should not have been used since he had filed a pro se application for post-conviction relief prior to trial upon which the trial court had not ruled.

In *Bowen v. State*, 586 P.2d 67 (Okl.Cr. 1978), quoting from *Parker v. State*, 556 P.2d 1298 (Okl.Cr.1976), we stated:

[I]n all cases when an appeal from a felony conviction has not been perfected in this Court within six (6) months of the rendition of judgment and sentence in the manner provided by law, said judgment and sentence may be used to enhance punishment in a subsequent trial under 21 O.S.1971, § 51; notwithstanding the right to collaterally challenge the conviction under the Post-Conviction Procedure Act, 22 O.S.1971, §§ 1080, et seq.

In the instant case neither of the prior convictions have been set aside in an application for post-conviction relief or otherwise, nor is an appeal currently pending in this Court. The judgments and sentences were properly admitted. *Holt v. State*, 628 P.2d 1170 (Okl.Cr.1981). The proper procedure for the appellant to challenge his conviction is by application for post-conviction relief in the district court in which he was sentenced; if he chooses to avail himself of this avenue of appeal and is dissatisfied with the ruling of the district court he may then appeal to this Court in accordance with 22 O.S.Supp.1980, § 1087, and the rules of this Court.

THEREFORE IT IS THE ORDER OF THIS COURT that for the above and foregoing reasons the judgment and sentence appealed from in the District Court of Tulsa County, Case No. CRF–80–2072, should be, and hereby is AFFIRMED.

IT IS SO ORDERED.

WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 5th day of March, 1982.

TOM BRETT, P. J.

HEZ J. BUSSEY, J.

TOM R. CORNISH, J.