## CLIFFORD FIELDS v. STATE.

No. A-4758.   Opinion Filed June 6, 1925.
Rehearing Denied June 27, 1925.
(236 Pac. 633.)

Eck E. Brook and A. L. Brook, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

BESSEY, P. J.  Clifford Fields was in the county court of Muskogee county found guilty of having illegal possession of whisky.  By the judgment of the court his punishment was fixed at confinement in the county jail for a period of 90 days and to pay a fine of $150.

Peace officers, armed with a search warrant, went to a certain farmhouse near Taft to search the premises.  As the officers approached the place described in the search warrant they saw two cars parked in the highway near the entrance, and saw one car drive away at a rapid rate of speed.  The officers went to the other car, and as they did so the defendant and a companion came out of the house described in the search warrant.  In this car the officers found two gallons of whisky.  Clifford Fields admitted

that he was the owner of the car, but claimed that he knew nothing about the whisky; that it was placed there by some person unknown to him.

The first assignment of error is that the search of the car and seizure of the whisky was an illegal search and seizure. This was probably true, although there was testimony by one of the officers that he saw the defendant take a jug of whisky out of this car. If this be a fact, the arrest of the defendant without a warrant for arrest was justified as being an arrest for an offense committed in the presence of an officer, and the subsequent seizure would also be justified as an incident to such legal arrest. But, be that as it may, if the search was in fact illegal, when the evidence obtained thereby was offered, the accused should have made prompt and timely objections to its introduction. No objections whatever on this score were interposed in the trial court, and defendant's right to object was therefore waived. Such objections will not be considered for the first time in this court. Gore v. State, 24 Okla. Cr. 394, 218 P. 545; 24 A. L. R. 1421.

It was the claim of the defendant that he was the owner and operator of a pool hall in Taft. On the Sunday the arrest was made the pool hall was closed. The companion of the defendant had employed the defendant to carry him to some distant place to see about some hogs. On this trip they passed the house in front of which the arrest was made, where the brother-in-law of defendant's companion lived. There they stopped and went into the house to get something to eat.

One of the officers testified that the defendant stated that the whisky did not belong to him, and that he was hauling it for somebody else.

Under circumstances like this, the evidence being con-

flicting, this court would not be justified in reversing the judgment on the ground of insufficiency of the evidence.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.