CHARLIE BROOKS et al. v. STATE.

No. A-5119.   Opinion Filed Oct. 17, 1925.
(240 Pac. 138.)

Tom Payne, for plaintiffs in error.

The Attorney General, for the State.

BESSEY, P. J.   Plaintiffs in error, defendants in the trial court, were convicted of having unlawful possession of whisky, with the punishment of Charlie Brooks fixed by the jury at six months in jail and a fine of $500, and that of Oliver Brooks at 90 days in jail and a fine of $250.

According to the testimony of the state's witnesses, the defendants, at the time of their arrest were occupying as a residence a place in Okmulgee, built, designed, and equipped as a place of business, the front portion of which extended out to the sidewalk; and that it was a place of public resort.   The officers were watching the place to discover whether or not intoxicating liquors were being kept there in violation of law.   One of the officers testified that looking through the glass front of the building, he saw defendant Oliver Brooks with a bottle of something in his hand which they thought was whisky, and that as they were about to enter the place the lights went out.   The officers then went in and searched the premises and found in the drum of a stove a bottle containing about six ounces of

whisky; in a hole or plant in the front room they found a quart more.

Oliver Brooks testified that he had procured the whisky only that evening; that it was his, and that he had it for his own use; that his brother Charlie, his codefendant, had nothing to do with its being there. The premises described belonged to Charlie Brooks, who claimed that he had been away from Okmulgee for some time, and had just returned the day previous; he denied having any interest in the liquor, and stated that he had no knowledge that it was on the premises.

There are three assignments of error urged in the brief: First. That the conviction rests upon evidence obtained by an illegal search and seizure. Second. Error in admitting testimony concerning the reputation of the place. Third. That the evidence is insufficient to support the verdict.

The evidence, though not conclusively, indicates that these officers made the arrest, and the search and seizure incident to it, after they had seen one of the defendants with the bottle of whisky in his hand. True, they did not know positively that the contents of the bottle was whisky, but what they observed was under such circumstances as might justify them in making the arrest, as shown by the record.

Whether they were so justified or not is immaterial to a determination of the admissibility of the evidence here, for the reason that no proper request was made at the trial to exclude the evidence obtained by an unauthorized search and seizure, if indeed it was such.

In the case of Frank Brooks v. State, 32 Okla. Cr. 72, 240 P. 136, just decided by this court, it was held that an objection to the reception of evidence, obtained by an unauthorized search and seizure, should be made

either at the beginning of the trial, by a motion to suppress or reject such evidence; or in the course of the examination, so soon as it becomes apparent that the state would rely upon it; otherwise the right to object is waived. That a defendant will not be allowed to speculate on the outcome of evidence claimed to have been obtained by an illegal search and seizure without objecting thereto, and then, when it later appears that such evidence had operated to his prejudice, seek to take advantage of the right of objection for the first time.

No proper objection or exceptions were saved at the trial to the introduction of evidence tending to show that the place where this liquor was found was a place of bad reputation. Quoting from the record:

"How long have you known this place? A. I have known it since January, 1921.

"Q. Do you know the general reputation of this place in that neighborhood as being a place where intoxicating liquors are kept and sold, or otherwise? Do you know that reputation? A. I do.

"Q. What kind of reputation did it have? A. The reputation was bad.

"Q. State whether or not it had the reputation of being a place where liquor was kept and sold. A. It did.

"Q. What did you find in this big bottle you spoke of? A. Corn whisky."

It will be observed that no objection whatever was made to the testimony quoted.

Quoting from the testimony of another state's witness:

"Q. At the time you made the arrest, and for some time prior thereto, did you know the reputation of this place?

"Mr. Payne: Object to that.

"The Court: Overruled.

"Mr. Payne: Exception. That is not the proper way to prove the reputation of a place.

"Q. You know the reputation of that place as being a place where intoxicating liquors were kept and sold, or otherwise, answer that question 'Yes' or 'No.' A. Yes, sir.

"Q. Did it have such a reputation? A. It did."

Here an objection was interposed, but it was qualified by the statement of defendant's attorney, "That is not a proper way to prove the reputation of a place," indicating that the objection was not to the admission of such testimony, but to the manner of its introduction. The defendants therefore waived the right to insist now upon this objection, for the same reason pointed out in the treatment of the preceding assignment of error.

Concerning the question of the sufficiency of the evidence, the testimony on the part of the state, and of the defendants was hopelessly conflicting. Evidently the jury did not believe the testimony of the defendants. Charlie Brooks was the owner of the place, had lived there for some time, and was in charge of it; Oliver Brooks was there in actual physical possession of some of the whisky. Other whisky was found in a secret cache, apparently made there for such purpose. Under such circumstances, the weight of the testimony, and the credibility of the witnesses, was for the jury.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.