# JOHN ROSSER v. STATE.

No. A-8509.   May 19, 1933.
Rehearing Denied Nov. 27, 1933.
(26 Pac. [2d] 769.)

Frank Petree, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J. Plaintiff in error, hereinafter called defendant, was convicted in the county court of Jackson county of having the unlawful possession of intoxicating liquor, and was sentenced to pay a fine of $200 and to serve 30 days in the county jail.

At the time charged officers with a search warrant for the premises of one Wallace made a search, and at the time the automobile of defendant was parked in close proximity to the Wallace house, just outside the fence, near the property line. As the officers approached, defendant was by the car and went into the house. There

was a two-gallon keg of whisky on the seat, partially covered by a sweater, and a half-gallon jar under the seat and four ten-gallon kegs in the turtle back. Defendant did not take the stand.

The contention made is that the search of the car was illegal and the evidence obtained thereby inadmissible, for the reason the search was made without a search warrant, and not incidental to an arrest.

This court has held in several cases that a search of an automobile without a search warrant or knowledge by the officers that it contained whisky, or not made as an incident to a legal arrest, is unlawful, and that an illegal search cannot be justified by the result of the search. This court has not held that probable cause for a belief by officers that an automobile contains intoxicating liquor will justify a search. We deem it unnecessary to determine whether or not the facts shown bring this case within any exception to the usual rule, for the reason that no timely objection was made to the evidence. Only two objections were made in the state's case in chief. One is to a question propounded to the deputy sheriff who assisted in the search as to what occurred at the time, The objection is:

"Comes now the defendant and objects to the witness testifying as to what he found in the car in question until it is first shown that the search and the things seized under the search were filed, or a statement of the things found, was filed in the county clerk's office of Jackson county, Okla."

The other objection is to a question propounded the sheriff to identify a jar of whisky labeled with the names of the searching officers. This objection was made:

"We object to that being offered in evidence, for the reason G. W. Renfro is not a witness in this case."

The state's evidence makes out a perfect case of illegal possession. At the close defendant demurred:

"Comes now the defendant and demurs to the evidence on the part of the state in this case, for the reason the same is insufficient to support the allegations of the information, and for the further reason it is shown by the state's witness, Mr. Bush, that he did not have a search warrant to search this defendant's car."

When an accused fails to object to evidence against him, ordinarily he waives an objection which, if timely made, might have resulted in the exclusion of the evidence.

In the federal courts and in most of the states it is held that, where it is known an offer of testimony illegally obtained will be made, defendant must make objection by motion before the trial. Harkline v. U. S. (C. C. A.) 4 F. (2d) 526, 527. A few of the states, including this state, hold the objections may be made at the trial. Cornelius, Search and Seizure, §§ 10, 95, 256, 247, and authorities cited.

The objections do not raise the question of admissibility on the ground of an unlawful search. When a specific objection is made on the trial to the admission of evidence on one ground, counsel on appeal will not be heard to urge some different objection to that presented to and passed on by the trial court. Gritts v. State, 6 Okla. Cr. 534, 118 Pac. 673, 120 Pac. 669.

The other objection is that the court erred in failing to instruct as to the admissibility of evidence obtained by the unlawful search. Defendant requested an instruction on this point, and the court gave an instruction, but not

as fully as requested. Since the question of admissibility was waived by failure to make timely objection, the court was not required to instruct. The instruction given resulted in placing an additional burden on the state. On the entire record, no material error is apparent.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.