## CECIL GRAGG v. STATE.

No. A.-9818.   June 11, 1941.
(114 P. 2d 491.)

Jim Barnett, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J.   The defendant, Cecil Gragg, was charged in the court of common pleas of Oklahoma county with unlawful possession of intoxicating liquor, was tried, convicted and sentenced to serve a term of 30 days in the county jail and to pay a fine of $50, from which judgment and sentence he appeals to this court.

Defendant placed his car in a parking lot in Oklahoma City.   Officers procured a John Doe search warrant

which described the car by license number. The car was locked when the officers started their search. Upon a threat to break the door handle, defendant unlocked the car. One quart and 21 pints of whisky were found in the automobile. Defendant admitted to the officers that the whisky belonged to him.

At the close of the state's case, counsel for defendant asked that the charge be dismissed for the reason there was no competent evidence to show that defendant was guilty of any offense; that the affidavit and search warrant were illegally issued; that the affiant knew the name of the party upon whom he wished the warrant to be served; and that affiant had no information as to what was contained in the car which he wished to be searched.

Defendant offered no testimony.

The only contention urged upon appeal is that the search and seizure were illegal and for that reason the charge should have been dismissed at the conclusion of the state's evidence.

No motion to suppress the evidence was made by defendant. No objection was made to a single question asked by the county attorney in his presentation of the state's case. Defendant's counsel cross-examined officers at length; and it was not until after the state had rested its case that the defendant, through his counsel, moved that the charge be dismissed for the reason there was no competent evidence to show that defendant was guilty of any crime, and argued that the search was illegal.

This court held in Fields v. State, 31 Okla. Cr. 121, 236 P. 633, that if the search is in fact illegal, the accused should make prompt and timely objections to its introduction when the evidence so obtained is offered.

In Brooks v. State, 32 Okla. Cr. 75, 240 P. 138, it is stated:

"Objections to the admission of evidence, claimed to have been obtained by an illegal search and seizure, to be available, must be timely."

In Brooks v. State, 32 Okla. Cr. 72, 240 P. 136, 137, the court said:

"It has been held that to make such objection available, it must be interposed at the first opportunity presented. * * * It should have been made, either at the beginning of the trial, by a motion to suppress or reject such evidence, or in the course of the examination, so soon as it became apparent that the state would rely upon it. Otherwise, defendant waives his right to be heard on this question.

"A defendant will not be permitted to speculate on the outcome of evidence said to have been procured by an illegal search and seizure, without objection thereto, and then when it later appears that such evidence operates to his prejudice seek to take advantage of his right to make such objection for the first time."

See, also, Rosser v. State, 55 Okla. Cr. 185, 26 P. 2d 769.

Under the holdings in the above cases, the defendant having waived his right to be heard on the question of the claimed illegal search and seizure, such question is not properly before this court on appeal. We are, therefore, of the opinion that the evidence in this case, admitted without objection by defendant, is sufficient to sustain the conviction.

The case is accordingly affirmed.

BAREFOOT, P. J., concurs. DOYLE, J., absent.