# LECK WHITE v. STATE.

No. A-10493.   Jan. 9, 1946.

(165 P. 2d 151.)

Sigler & Jackson, of Ardmore, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, J.  The defendant, Leck White, was charged in the county court of Carter county with the unlawful possession of intoxicating liquor; was tried, convicted,

and sentenced to service 30 days in the county jail and pay a fine of $50 and costs, and has appealed.

In the brief of the defendant filed herein, the only contention presented is that the search warrant used by the officers in making a search of the defendant's premises was void on its face and insufficient to authorize a search because it did not run in the name of the State of Oklahoma.

When the case was called for trial, counsel for defendant dictated into the record the following:

"Comes now Leck White and moves the court to suppress the testimony herein for the reason that all evidence obtained in this case was obtained by an illegal search warrant, by reason that the search warrant was served on Sunday, and was, therefore, illegal. . . . By the Court: Let the motion be overruled. By Mr. Sigler, Counsel for Defendant: Exception."

After the motion was overruled, the trial proceeded. The state introduced the testimony of three officers who went to the place of business of the defendant on October 9, 1943, armed with a search warrant and searched the place. No objection was interposed to the introduction of evidence on account of the alleged insufficiency of the search warrant. The following appears in the record concerning the testimony of the first officer about the search of defendant's filling station:

"Q. What did you find? By Mr. Sigler, of counsel for defendant: We object. By the Court: I don't think that is proper. I don't think that is the way to ask the question. Q. Did you find anything? A. Yes, five pints of whisky. Q. I hand you state's Exhibit '3' and ask you if that was one of the pints? (Whereupon, counsel hands instrument marked plaintiff's Exhibit '3', which is a pint of whisky.) A. Yes, sir. Q. I hand you state's

Exhibit '4' and ask you if that was one of the pints? (Whereupon, counsel hands instrument marked plaintiff's Exhibit '4,' which is a pint of whisky.) A. Yes, sir. Q. I hand you state's Exhibit '5' and ask you if that was one of the pints? (Whereupon, counsel hands instrument marked plaintiff's Exhibit '5,' which is a pint of whisky.) A. Yes, sir. Q. I hand you state's Exhibit '6' and ask you if that was one of the pints? (Whereupon, counsel hands instrument marked plaintiff's Exhibit '6,' which is a pint of whisky.) A. Yes, sir. Q. I hand you state's Exhibit '7' and ask you if that was one of the pints? (Whereupon, counsel hands instrument marked plaintiff's Exhibit '7,' which is a pint of whisky.) A. Yes, sir. Q. Where did you find these five pints? A. You mean what place in the filling station? Q. Yes. A. In a desk drawer. In the public office of the filling station, in the rear. Q. In the general business place of the filling station? A. Yes, in the general business place of the filling station."

When the next officer testified, no objection was interposed to his testimony, except as shown by the following which appears in the record:

"Q. Did you see Leck White, the defendant? A. Not as soon as we got there. Q. How long was it after you got there before you saw him? A. I'd say three minutes. Q. Was there not anything handed to him? A. We served the warrant inside. We didn't know he was there. Q. After you saw him? A. We served it on the man inside, and after we made the service we started searching. Q. None was delivered to Leck White? A. Not personally, bcause he wasn't in the place at that time. Q. But he was right on the outside? A. Not when we first got there. Q. Did you give it to him later? A. I told him it was in there on his desk. By Mr. Sigler, of counsel for defendant: You had already searched then, hadn't you? Q. Was the search made before or after he was told about the search warrant? A. It was made before we told him. Q. What did you find there? By Mr. Sigler, of counsel for defendant: We object. Incompetent, irrelevant and

immaterial. There was no service made on the defendant. By Mr. Tebbe, assistant county attorney: That hasn't been questioned. The statutes provide the search warrant must be presented within ten days. (Whereupon counsel proceeded to argue, which argument was not reported.) By the Court: We'll proceed with the. trial. Q. Answer the question. A. Which one. By the Court: Mr. Sigler's objection was overruled, and exception allowed. Q. What, if anything, was it that you found? A. We found five pints of whisky."

We have examined the search warrant and the contention, now presented by counsel on appeal, that it does not run in the name of the State of Oklahoma is sustained by the record.

In the case of Dunn v. State, 40 Okla. Cr. 76, 267 P. 279, it is held:

"A search warrant is 'process.' It must run in the name of the state of Oklahoma to some peace officer or peace officers of the state. It can be served only by the officer mentioned in its direction, but by no other person, except in aid of the officer on his requiring it, he being present and acting in its execution."

See, also, Bishop v. State, 47 Okla. Cr. 249, 288 P. 363.

However, the objection to evidence obtained by an illegal search and seizure must be interposed at the first opportunity presented. Such objection should be made either at the beginning of the trial by a motion to suppress, or in the course of the examination as soon as it becomes apparent that the state will rely upon it. Otherwise, the defendant waives his right to be heard upon this question. Gragg v. State, 72 Okla. Cr. 189, 114 P. 2d 491; Fields v. State, 31 Okla. Cr. 121, 236 P. 633; Brooks v. State, 32 Okla. Cr. 75, 240 P. 138.

At the time the motion to suppress evidence was made, the sole reason offered in support of the motion was that the search warrant was served on Sunday. Prior to the amendment in 1939, Session Laws of 1939, chapter 15, art. 6, a search warrant served on Sunday was void. However, by the terms of that amendment, officers were specifically given authority to execute search warrants on Sunday after the effective date of that act. 21 O. S. 1941 § 910. Since the only reason urged at the time of the presentation of the motion to suppress evidence was the alleged invalidity of the search because it was made on Sunday, the trial court properly overruled the motion.

Counsel for defendant never, at any time, presented to the trial court the question which he has now presented in his brief on appeal. It was not set forth in his motion for new trial, nor in his petition in error filed herein.

Alleged errors occurring upon the trial of a case must be raised and urged before the trial court and passed upon by said court before this court will consider it on appeal, unless the error assigned raised a jurisdictional question. Ballew v. State, 55 Okla. Cr. 247, 28 P. 2d 993; Holloway v. State, 39 Okla. Cr. 88, 263 P. 176.

Since the motion to suppress evidence was presented upon an entirely different ground from that now urged on appeal, and since no objection was interposed to the testimony of the officers concerning the search, the question now raised by counsel for defendant is not properly before this court and will not be considered.

The defendant offered no evidence. The testimony of the officers was sufficient to make a prima facie case of guilty of the crime charged, and the judgment and

sentence of the county court of Carter county is accordingly affirmed.

BAREFOOT, P. J., concurs. DOYLE, J., not participating.