## TAYLOR v. STATE.

No. A-11073.    March 22, 1950.

(216 P. 2d 362.)

R. O. Swimmer, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, P. J.   The defendant, Lloyd Albert Taylor, was charged in the court of common pleas of Oklahoma county, with the unlawful possession of intoxicating liquor, was tried, convicted, and sentenced to serve 30 days in the county jail, pay a fine of $50 and costs, and has appealed.

Douglas Brown, a policeman of Oklahoma City, was the only witness who testified in the case.   He testified that on September 13, 1947, while walking his beat, near the 900 block on Northeast Fourth street, in Oklahoma City, he saw the defendant stop his automobile in the alley.   It was early in the morning, about 8 o'clock; that as he walked by the automobile, he saw the defendant set two cases of whisky on the ground, and saw him take one of them into the house; that he talked to defendant about the whisky and the defendant said it was his, whereupon he arrested defendant and took him and the whisky to the police station.

On cross-examination, the following question was asked by counsel for defendant, "Did you have a legal and

lawful search warrant at the time you made the arrest?" Objection was made to the question, and the objection was sustained. Counsel for defendant then offered to show by the witness that he had no lawful search warrant on which to predicate the search and seizure, to which offer an objection was sustained and an exception allowed to the defendant.

The contention of defendant that the evidence is insufficient to sustain the conviction is without merit.

It is further contended that the court erred in sustaining an objection to the offer to prove that the search was made without a warrant. The record discloses that at the time the case was called for trial, counsel for defendant filed a motion to suppress the evidence on the ground that the search and seizure was in violation of the constitutional rights of the accused.

The record shows that after three witnesses had testified in connection with the motion to suppress the evidence, counsel for defendant withdrew his motion. The testimony of the three witnesses is not shown in the record, but since counsel withdrew his motion, they evidently had convinced him that the search was legal.

In the direct testimony of the officer, he testified at length without objection concerning his observation of the accused and the arrest of accused, and the seizure of the whisky. Since no objection was interposed to the testimony of the officer concerning the seizure of the whisky, it may not be later urged that the search was invalid.

The question of the validity of the search is a question of law for the determination of the court, and not a question of fact for the jury. By numerous decisions of this court, it has become well settled that objection to evidence obtained by illegal search and seizure must be

interposed at the first opportunity presented. Such objection should be made either at the beginning of the trial by a motion to suppress or reject such evidence or in the course of the examination as soon as it becomes apparent that the state will rely upon it. Otherwise, defendant waives his right to be heard on this question. Gragg v. State, 72 Okla. Cr. 189, 114 P. 2d 491; Rosser v. State, 55 Okla. Cr. 185, 189, 26 P. 2d 769; Brooks v. State, 32 Okla. Cr. 75, 240 P. 138; Fields v. State, 31 Okla. Cr. 121, 236 P. 633.

The case is affirmed.

BRETT and POWELL, JJ., concur.