# KELSO et al. v. STATE.

No. A-11823.  Sept. 9, 1953.

Rehearing Denied Sept. 23, 1953.

(260 P. 2d 864.)

Moore & Fitzgerald, Stillwater, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, J.  The defendants, Joe Kelso and Josie Kelso, were charged by an information filed in the district court of Payne county with the unlawful possession of intoxicating liquor after having been three times prior thereto convicted of violations of the Oklahoma prohibitory liquor laws; were tried, found guilty by verdict of the jury, who, being unable to agree upon the punishment, left the same to be fixed by the court.  Thereafter, Joe Kelso was sentenced to serve 3½ years imprisonment in the penitentiary and to pay a fine of $1,000 and Josie Kelso was sentenced to serve 2½ years in the penitentiary and pay a fine of $500.  On appeal, five assignments of error are presented but they are all directed to the proposition that the search of defendant's premises was illegal.

Neither the affidavit nor the warrant are attacked, but it is contended that the officers serving the warrant did not execute the search in the manner prescribed by the statutes, 37 O.S. 1951 § 84, 22 O.S. 1951 § 1228, in that the officers forcibly entered the premises of the accused without knocking on the

door and without informing the accused just who they were and without attempting to serve the warrant until after they had forcibly entered the house of the accused.

Neither of the defendants testified and the testimony of the officers does not substantiate the contentions of the accused. There is no evidence that the officers broke down the door of the house of the defendants. Police Captain Joe Rowden stated that he was well known to the defendants and testified that as he stepped up on the porch with the search warrant in his hand that Joe Kelso recognized him and immediately started to close the door, that he had to push Joe back to get the door open. When Rowden did so, Joe Kelso tried to shut the door in the face of Deputy Sheriff Stiles, who was accompanying Rowden. After the officers had gotten on the inside of the house, Joe Kelso placed his arms around Rowden and attempted to hold him while yelling to Josie Kelso, "Josie, pour it out. Pour it out, Josie."

Rowden stated that he jerked loose from Joe Kelso and ran into the other room where Josie was pouring the contents of a half-gallon jar into the lavatory. He looked back and saw Joe Kelso run into the bedroom. When the officer arrived at the bedroom door, he saw Joe Kelso smash two one-gallon jugs of whiskey together. The officers saved enough of the liquid to show that it was intoxicating liquor. The search warrant was served on Joe Kelso at that time. The testimony of the other officers substantiated the evidence furnished by Officer Rowden.

The statutory restrictions surrounding the serving of a warrant in connection with the search of the home of an accused for intoxicating liquor should be strictly observed, but this observation does not place such an undue burden on the officer that a person engaged in violation of the prohibitory act may by his own conduct prevent the execution of the warrant in the manner prescribed by statute and then assert that the execution was invalid. It certainly was never the intention of the lawmakers, by the passage of the statutes hereinabove cited, to invite and encourage defiance towards an officer and the destruction of evidence while attempting to prevent a lawful search of the premises.

The burden of proof was upon the accused to show that the search was illegal. Neither of the defendants testified, nor did they offer any evidence whatever to sustain their contention that there was a forcible entry into the house without any attempt at all on the part of the officers to first demand admittance.

We agree also with the ruling of the trial court that the motion to suppress evidence was not timely presented. A preliminary examination was held and counsel were acquainted with the facts. No preliminary motion to suppress the evidence was ever presented and no objection was interposed to the testimony of the officers at the time their evidence was presented. The motion to suppress the evidence was made after the state had rested its case.

It is stablished law that the constitutional immunity against an unlawful search is personal and the right to object to such search is considered waived unless timely made. Sears v. State, 79 Okla. Cr. 437, 156 P. 2d 145; White v. State, 81 Okla. Cr. 399, 165 P. 2d 151, 153.

In White v. State, supra, this court stated:

"However, the objection to evidence obtained by an illegal search and seizure must be interposed at the first opportunity presented. Such objection should be made either at the beginning of the trial by a motion to suppress, or in the course of the examination as soon as it becomes apparent that the State will rely upon it. Otherwise, the defendant waives his right to be heard

upon this question. Gragg v. State, 72 Okla. Cr. 189, 114 P. 2d 491; Fields v. State, 31 Okla. Cr. 121, 236 P. 633; Brooks v. State, 32 Okla. Cr. 75, 240 P. 138."

It is contended that the court erred in refusing the defendant's requested instruction No. 1. This instruction reads:

"You are hereby instructed that if you find that the Officer, Joe Rowden failed to serve the search warrant upon the defendants or either of them until after he had entered their home as a trespasser, then any evidence obtained by the search would be in-admissable.

"If you do not believe that officer Joe Rowden did not serve or attempt to legally serve the search warrant before entry, you should find the defendants Not Guilty."

The question as to the legality of a search and seizure of intoxicating liquor is solely a judicial question to be determined by the trial court, and under no circumstances is this a question to be submitted to the jury for their consideration. Fulbright v. State, 96 Okla. Cr. 36, 248 P. 2d 651; Kizer v. State, 96 Okla. Cr. 92, 249 P. 2d 132.

The judgment and sentence of the district court of Payne county is affirmed.

POWELL, P. J., and BRETT, J., concur.