Jerry Lavon BORDEN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13711.

Court of Criminal Appeals of Oklahoma.

Nov. 10, 1965.

Bay, Renegar & Hamilton, Oklahoma City, for plaintiff in error.

Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in Error, Jerry Lavon Borden, hereinafter referred to as defendant, was charged by information in the District Court of Oklahoma County with the crime of Burglary Second Degree. He was tried by a jury, found guilty, and his punishment assessed at Seven Years in the penitentiary. From that judgment and sentence he has filed his timely appeal in this Court. Defendant urges two contentions of error in his brief, but argues only one—that the trial court erred in admitting the purported confession over the objections of defendant.

The facts of this case are simple— the defendant was caught practically in the act of breaking into Riff's Hamburger Bar with part of the missing property actually found on his person. He admitted then, to the officer who caught him, that he had burglarized the building. He again confessed to a police detective the next day, and this is the confession that is alleged to have been obtained illegally.

This Court has examined the record, and at pg. 25 and 26 of the casemade, the first confession appears WITH NO OBJECTION. Then at p. 38, the testimony concerning the second purported confession appears, as follows:

"Q. Did you advise him of his rights?

A. Yes, sir I did.

MR. HAGLE: Just moment. We object to that.

Q. (By Mr. Stringer) Did you advise him of his rights?

A. Yes, sir I did

MR. HAGLE: Your Honor, we will object to any testimony as to any purported confession at this point *for the reason that they haven't established when or where the conversation took place.*

THE COURT: All right, fix the time and the place.

Q. (Mr. Stringer) Restate again, where did you talk with this defendant?

A. In the Oklahoma City Police Department jail.

Q. And approximately what time was this?

A. It was on the morning of June 1st.

Q. On the morning of June 1st. Now, did you advise this defendant of his rights, his constitutional rights?

A. I advised him of his rights to an attorney and that anything he might say could be used against him.

Q. Now what did he say to you?

A. He admitted that he and another subject had burglarized the Riff's Burger Bar. He advised that they had met at the Excuse Club and had left the Excuse Club and went to Riff's Burger Bar where they had planned a burglary. That they had pried the door on the inside and removed some business machines and other items, and that he had dropped some of the machines on the outside of the building trying to get away."

No further objections were made, and this Court could find none pertaining to the

admissibility of the confession, the only one being for the reason that the time and place had not been established. The first reference to the admissibility of this confession came in defendant's motion for new trial.

■ The law is well settled on this contention, as stated in the 1963 case of Smith v. State, Okl.Cr., 378 P.2d 790:

"Ojections to alleged errors, committed during a trial, must be made in apt time, so as to allow the trial court to rule upon the objection before action is taken. It is too late to complain after the trial is ended."

We have carefully considered the record and briefs in the instant case, and find no error worthy of reversal, nor sufficient reason for modification. Therefore, the judgment and sentence of the trial court is hereby affirmed.

BUSSEY, P. J., and BRETT, J., concur.