**Earl William O'NEAL, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14955.**

Court of Criminal Appeals of Oklahoma.

Feb. 19, 1969.

Red Ivy, Chickasha, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in Error, Earl William O'Neal, hereinafter referred to as the defendant, was convicted in the District Court of Oklahoma County with the crime of Grand Larceny, and sentenced to Three Years in the penitentiary. From that judgment and sentence, he has attempted to appeal to this Court.

From the record filed herein, the court reporter became ill, and two days before the time for appeal to expire, the defendant

went into the District Court again requesting a new trial for the reason that the court reporter was not able to complete the casemade. On that date, October 2, 1968, Judge Theus overruled the motion for new trial, stating in his order:

> "Comes on for hearing this 2nd day of October, 1968, on Defendant's Motion for New Trial filed September 9, 1968, Defendant present by his attorney, Mr. Red Ivy, Chickasha, Oklahoma, and State being present by the District Attorney, by Mr. James L. Swartz, Assistant District Attorney. The Court having heard the arguments of counsel and being fully advised finds that the time within which to lodge an appeal in the case expires two days from today, (October 4, 1968), that the casemade has not and will not be completed by that time; that the failure to complete the casemade is through no lack of diligence or fault of the defendant or his counsel, but is solely because of the serious and lengthy illness of the Court Reporter of this Court, to-wit: Archie McInnes; that it is possible that the Court Reporter can, within the foreseeable future, complete the casemade, but not within time allotted by the law to perfect an appeal.
>
> The Court further finds, however, that the method of appeal on transcript of the record is available to the Defendant; that upon filing said transcript, together with Petition in Error, the appeal could be perfected and the casemade, when completed, filed as a supplement to the transcript, and in so doing, both the rights of the Defendant and the State of Oklahoma would be protected. It appears further, however, that in the event the Reporter is unable to complete the casemade within a reasonable length of time, the Court of Criminal Appeals should entertain defendant's application for a new trial.
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant's Motion for New Trial is overruled, exceptions allowed."

At that time, the court reporter was ill, and the judge was hopeful of his still being able to complete the casemade sometime in the future. However, said reporter is now deceased, and the completion of the casemade is impossible.

On January 21, 1969, counsel for defendant filed in this Court a "Motion to Remand", wherein he refers to the cases of Leon Strange v. State, and Norman Ross Fillimore v. State, wherein they were granted new trials at the trial court level for the same reason.

It is, therefore, the opinion of this Court that this cause be reversed and remanded back to the trial court for a new trial for the sole and only reason that the casemade cannot be completed for appeal.

Reversed and remanded for new trial.

BRETT, P. J., and BUSSEY, J., concur.