Donald D. THOMPSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14801.

Court of Criminal Appeals of Oklahoma.

April 9, 1969.

Jack B. Sellers, Sapulpa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., S. M. Fallis, Jr., Dist. Atty., Ronald L. Shaffer, Asst. Dist. Atty., for defendant in error.

PER CURIAM:

Donald D. Thompson, hereinafter referred to as defendant, was charged by amended Information in the Court of Common Pleas of Tulsa County, Oklahoma with the crime of Speeding. He waived jury trial and thereafter filed a Motion to Suppress the evidence. On his Motion to Suppress the evidence he called as his witness Officer Jack Blair, a highway patrol trooper who arrested the defendant on March 28, 1968. Officer Blair testified that at the time of the arrest he was in his highway patrol car which was parked approximately one-quarter mile east of South 33rd West Avenue on Interstate 44 in Tulsa County and that the speed limit in that area is 60 miles per hour. He further testified that his patrol car was parked parallel with the highway facing west, and on the north shoulder of the roadway. His patrol car was equipped with a radar unit consisting of an antenna mounted in the rear window facing to the east so as to receive signals for the east, and a screen or dial on the front floor of the car. The officer was alone and seated in the driver's seat. The defendant, immediately prior to his arrest, was traveling west, and approached the patrol car from the rear. The officer stated that the radar indicated that the defendant's auto-

mobile was traveling at a speed of 70 miles per hour, and after noting the reading of the speed on his radar screen, he immediately looked in his rear view mirror and saw the defendant's vehicle coming up behind him. He further testified that defendant's car was the only vehicle in the roadway at the time he observed him and read the radar screen and he immediately stopped the defendant and gave him a citation to appear in court on a charge of speeding.

Testimony of the witnesses offered in support of the Motion was taken and at the conclusion of the hearing, the trial court overruled the Motion to Suppress and thereafter, by agreement of the parties, it was stipulated that the evidence admitted on the Motion to Suppress be treated as the trial evidence; whereupon, the court found the defendant was guilty as charged in the Information and a timely appeal has been perfected to this Court.

On appeal the defendant argues two assignments of error: (a) "The evidence is insufficient to support the conviction as a matter of law," and (b) "The arrest of the defendant was illegal."

We believe defendant's propositions (a) and (b) are amply answered by the State's brief, which we hereby adopt. In the State's brief the following language appears on proposition (a):

"In this case, it is the defendant's position that the State failed to prove the radar equipment used in this case was tested for accuracy prior to the arrest of the defendant. From a careful reading of the transcript there appears no objection by the defendant as to the admissibility of this evidence, either before or during the trial. The first objection being found in the brief of Plaintiff in Error on the appeal.

It is fundamental law in Oklahoma that a defendant will not be allowed to lay behind a log and first urge an error on appeal when the objection could, and should, been made at the trial.

In Reid v. State, Okl.Cr., 290 P.2d 775 (1956), this Court, stated that 'alleged error occurring on trial of case must be raised and urged before trial court and be passed on by trial court before Criminal Court of Appeals will consider it on appeal, unless error assigned raises a jurisdictional question.' See also Boyd v. State, Okl.Cr., 290 P.2d 160 (1955) * * *."

The Court also stated in a case very similar to the case at bar concerning this question that 'among the proposition urged by the defendant is, that the State failed to prove the Breath-O-Meter was in perfect working order, as a predicate to Officer Hadclock's testimony.' This point is wholly without merit on appeal, since no specific objection was made, and the same was not urged in the trial court. It has repeatedly been held that, where no specific objections are made to the admission of evidence to the trial court, counsel will not be heard to urge such objection for the first time on appeal. Riddle v. State, Okl.Cr., 288 P.2d 761 (1955). The case was reversed but on other grounds. Also see Rosser v. State, 55 Okl.Cr. 185, 26 P.2d 769; Wheat v. State, 34 Okl.Cr. 82, 244 Pac. 821; and Cotts v. State, 34 Okl.Cr. 59, 244 Pac. 817."

On Proposition (b), the following language appears:

"The defendant further contends that the officer made an illegal arrest in as much as the defendant was committing a misdemeanor, but not in the officer's presence. This proposition is without merit as the Court has long held that when an officer becomes aware by any of his senses of a crime being committed, he can make an arrest.

Title 22 O.S. § 196 states:

'A peace officer may, without a warrant, arrest a person:

1. For a public offense; committed or attempted in his presence * * *'

A public offense is defined in Title 21 O.S. § 3, as:

'A crime or public offense is an act or omission forbidden by law, and to which is annexed, upon conviction, either of the following punishments: 1. Death, 2. Imprisonment, 3. Fine, 4. Removal from office, or 5. Disqualification to hold and enjoy any office of honor, trust, or profit, under this State.'

Operating a vehicle in excess of a properly posted speed limit is such an act expressly forbidden by law as set out in 47 O.S. 11–801, sub-sec. (C), wherein it states: 'It shall be a violation of this section to drive any vehicle at a faster rate of speed than such prescribed maximum or at a lower rate of speed than such prescribed limit.'

A violation of this section constitutes a misdemeanor, and is punishable by a fine and/or imprisonment, as set out in 47 O.S. 17–101 (1963), wherein it states in subsection (a) 'It is a misdemeanor for any person to violate any of the provisions of this act unless such violation is by this act or other law of this State declared to be a felony;' and subsection (b) states 'Every person convicted of a misdemeanor for a violation of any of the provisions of Chapters 10, 11, 12, 13, 14 or 16 for which another penalty is not provided, shall for a first conviction thereof, be punished by a fine not less than Ten Dollars ($10.00) nor more than One Hundred Dollars ($100.00) or by imprisonment for not more than ten days; * * *'

The wording of the Statute 'the officer's presence' as set out in 22 O.S. § 196 has been defined in Oklahoma many times. In Miles v. State, 31 Okl.Cr. 4, 236 Pac. 907, and Dillon v. City of Tulsa, Okl. Cr., 273 P.2d 145, the Court stated:

'Offenses are committed or attempted "in the presence of an officer" within the meaning of this Section, authorizing arrest without a warrant, where officer is apprised by any of his senses that a misdemeanor is being committed or attempted, or by information of such fact communicated by the person arrested prior to his arrest.'

Also, in Padgett v. State, 90 Okl.Cr. 269, 213 P.2d 580, the court further stated that:

'As a rule, two elements must concur to constitute an offense in the presence of an officer, the facts or elements constituting the offense must be revealed in the presence of the officer, and the officer must perceive and have knowledge that such offense is being committed.'

Here the officer perceived the fact of the defendant speeding by observing the radar screen and seeing the car in his rear view mirror. This was not something communicated to the officer by some other person, but something the officer observed by his sense of sight."

For all of the reasons above set forth, the judgment and sentence appealed from is affirmed.