Dean E. SMITH, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14495.

Court of Criminal Appeals of Oklahoma.

July 9, 1969.

William J. Otjen, Enid, for plaintiff in error.

G. T. Blankenship, Atty. Gen., W. Howard O'Bryan, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Plaintiff in error, Dean Smith, hereinafter referred to as the defendant, was charged in the Superior Court of Garfield County, Oklahoma with the crime of Attempted Rape. He was tried by a jury, found guilty, and his punishment assessed at 25 years in the penitentiary. From that judgment and sentence he has appealed to this Court.

From the record, it appears that late on the night of April 25, 1967, the wife of defendant caught him attempting to rape her 8 year old sister. (We will not recite herein the sordid facts of the actual crime, as they are recorded in the casemade for anyone who cares to read them). She took the child, her 19 month old baby, and left their apartment; went to a neighbor's and called the police. She told them what had happened, and they went upstairs and entered defendant's apartment; and placed him under arrest. The officers had called for another police car, and they then turned defendant over to them, and instructed that the defendant be booked for rape. They then took the little girl, and defendant's wife to the hospital where she was

examined by Dr. Marion Sheets, said examination revealed the labia (cm 72) was freshly bruised and torn, and bloody. The following morning, April 26, 1967, Detective Captain Lloyd Henderson and the State's Attorney, Mr. Norman A. Lamb, went to the apartment of the defendant, where they were invited in by defendant's wife. At this time, the pint whiskey bottle, a Jergen's hand lotion bottle, and bloody pajama bottoms were obtained with her consent.

Defendant's first allegation of error is that the defendant's arrest was illegal, and the evidence secured by the officers by reason thereof constituted illegal search and seizure.

Defendant alleges that he was arrested for public drunkenness, and then later was booked for the additional charge of Attempted Rape. He alleges that the arrest was illegal in that he couldn't be arrested for public drunk in his own home. However, the record reveals in the testimony of the arresting officer, Beryl Holmes, that although the defendant was very drunk and argumentative, he instructed the other officers to book the defendant for investigation of rape.

The record further reflects that the wife of the defendant had the police called, invited them into the house, wherein the police arrested him and obtained no physical evidence. They had reason to believe a rape had occurred. They were further concerned with getting the little girl to the hospital for an examination. This was late at night or in the early morning hours by this time, and next morning, after defendant had been advised of all his constitutional rights, the officers went to the house, where the evidence was obtained.

■ This Court is of the opinion that the officers were legally in a place where they had a right to arrest the defendant. As stated very recently in the case of Battles v. State, Okl.Cr., 457 P.2d 976, (June 18, 1969):

"If a peace officer arrest a person without a warrant, he is not bound to show in his justification a felony actually committed to render the arrest lawful, but if he suspects one on his own knowledge of facts, or upon facts communicated to him by others, and thereupon has reasonable ground to believe that the accused has been guilty of a felony, the arrest is not unlawful."

Also, see 22 O.S.1961, § 196.

This Court cannot see, from the facts as stated by the record, that the arrest was unlawful or illegal. We deem this allegation to be without merit.

■ As to the question of an illegal search or seizure, if any,—we have searched the record presented in this cause, and do not find where the question was ever raised on a motion to suppress, either before trial or after it became evident that the items were to be introduced into evidence. It is well-settled law that unless a motion to suppress is filed, giving the trial court an opportunity to rule outside the hearing of the jury, the question cannot be complained of on appeal, as it is considered waived. In the case of Taylor v. State, 91 Okl.Cr. 124, 216 P.2d 362, this Court stated:

"[An] objection to evidence obtained by alleged illegal search and seizure must be interposed at first opportunity presented. Such objection should be made either at beginning of trial by a motion to suppress or reject such evidence or in the course of examination as soon as it becomes apparent that state will rely upon it. Otherwise, defendant waives his right to be heard on this question."

See, also, Gragg v. State, 72 Okl.Cr. 189, 114 P.2d 491; and Mendenhall v. State, 82 Okl.Cr. 220, 168 P.2d 138.

■ In the instant case, the defendant and his counsel were aware before trial that the complained of items would be used, and a timely motion to suppress should have been filed. This Court is of the opinion that the failure to file and present a timely motion to suppress constituted a waiver in this instance.

Defendant's second allegation of error is that the trial court erred in not sustaining the demurrer to the evidence. He objects to the contradictions in some of the testimony presented.

■ This Court has held repeatedly, as in Beavers v. State, Okl.Cr., 450 P.2d 850 (1969):

"Where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts."

This Court does not find such contradiction in the testimony as to render the verdict void, nor do we find that the trial judge erred in not sustaining the demurrer to the evidence.

Having concluded that there is no merit to the allegations of error raised by defendant on appeal, and having determined that there are no fundamental errors, and that the defendant did receive a fair and impartial trial, it is the opinion of this Court that the judgment and sentence be affirmed.

BRETT, P. J., and BUSSEY, J., concur.