**Paul Eugene MITCHELL, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16561.**

Court of Criminal Appeals of Oklahoma.

Sept. 27, 1971.

Jerome Sullivan, Jr., Duncan, for plaintiff in error.

Larry Derryberry, Atty. Gen., Raymond Naifeh, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Paul Eugene Mitchell, hereinafter referred to as defendant, was charged, tried,

and convicted in the District Court of Jefferson County, Oklahoma, for the offense of Burglary in the First Degree, After Former Conviction of a Felony. His punishment was fixed at fifteen (15) years imprisonment, and from judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Viola McCredie, a 79-year-old woman, testified that on May 22, 1970, at approximately 1:30 o'clock a. m., she was awakened by a knocking on her front door. She went to the front door, and upon opening the inner door, the defendant tore the front screen door off the facing, unlatched the door, and came in. She testified that the first thing that took place was that defendant tried to smother her to death. He then asked her if there was anything cooked in the icebox to eat, and when she said no, he went into the kitchen and fixed himself a sandwich. He later asked her if she had a gun in the house, and she told him that she did and where it was. The defendant played with the gun, discharging it in the floor in the bedroom. Defendant demanded that she give him $25.00, striking her on the face. She told him she did not have any money, wherein, prior to the defendant's leaving, he said for her to have $100 the next morning, or he would come back and kill her. She testified that the defendant was in her house approximately one hour, and that she called the sheriff's office immediately upon his departure. She further testified that she knew the defendant for several years, and that he and his wife had been in her home several times, and that she was acquainted with his father.

C. A. Denning, Jr., testified that he received a call from Mrs. McCredie at about 2:30 o'clock a. m. on May 22, 1970. He went to her residence at about 6:00 o'clock a. m. that morning and discovered the broken screen, the shot in the floor in the bedroom, and the swelling on the face of Mrs. McCredie. Thereafter, he went to the home of the father of the defendant and placed the defendant under arrest. Defendant did not testify, nor was any evidence presented in his behalf.

The first proposition asserts that the trial court erred in forcing the defendant to stand trial, after the State of Oklahoma had filed amended supplemental information, charging the defendant with burglary in the first degree, after alleging further felonies, and after said defendant's second court-appointed attorney had requested another Preliminary Hearing, and only being allowed a further Preliminary Hearing concerning further allegations of former felonies.

The Record reflects that after defendant was bound over to stand trial on the charge of Burglary in the First Degree, After Former Conviction of a Felony, the State filed an amended Information, alleging three additional Felony convictions. Defendant was afforded a further Preliminary Hearing concerning the three former felony convictions. Defendant now argues that he should have been entitled to a full-blown Preliminary Hearing. The Record does not reflect, and defendant concedes that this question was not raised in the trial court, and was raised for the first time in the Petition in Error. In Thompson v. State, Okl.Cr., 453 P.2d 314, we stated:

"It is fundamental law in Oklahoma that a defendant will not be allowed to lay behind a log and first urge an error on appeal when the objection could, and should have, been made at the trial."

We, therefore, find this proposition to be without merit.

The next proposition asserts that the verdict of the jury is not supported by the evidence, and further, that the trial court erred in overruling his Demurrer and Motion to Direct the Verdict in Favor of the Defendant. Although this proposition is improperly before this Court, in that the defendant did not cite authority to support this proposition, we are of the opinion that the same is patently without merit. The evidence is uncontroverted that the defendant drove his fist through the screen door of the front door, unlatched it, tak-

ing the door away from the frame of the house to gain an entry into the victim's home, wherein he choked the victim, committed an assault and battery, attempted to extort money, and discharged a firearm.

■ The final proposition asserts that the punishment is excessive. Suffice it to say from the foregoing statement of facts, and taking into consideration that this is defendant's fifth Felony conviction, we cannot conscientiously say that the judgment and sentence shocks the conscience of this Court. The judgment and sentence is, accordingly, affirmed.

BRETT and NIX, JJ., concur.