**Harold Lee PIERCE, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15492.**

Court of Criminal Appeals of Oklahoma.

Dec. 9, 1971.

Purman Wilson, Purcell, for plaintiff in error.

Larry Derryberry, Atty. Gen., Gary M. Bush, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

Plaintiff in error, Harold Lee Pierce, hereinafter referred to as defendant, was charged with the murder of Joseph A. Robertson in the District Court of Garvin County, Oklahoma, case number 2908. Defendant was tried before a jury which returned a verdict finding him guilty of manslaughter in the first degree and sentencing him to fifty (50) years imprisonment. Judgment was imposed on May 21, 1958.

In a subsequent proceedings before this Court, our case number A–14,538, this Court allowed defendant to file an appeal out of time under the authority of § 1073 of Title 22, upon a finding that defendant's court-appointed counsel had abandoned a timely appeal without the consent of defendant. Pierce v. State, Okl.Cr., 456 P.2d 126 (1969).

Briefly stated, the evidence established that on March 23, 1958, the defendant and three companions, while in a car, engaged the occupants of another car, including Robertson, in a conversation regarding a "drag" race. After some conversation Robertson and defendant approached each other outside the automobiles. Defendant

grabbed Robertson and cut him with a knife, as a result of which death ensued.

It is defendant's first contention that the casemade, or transcript of evidence of the trial, is improperly before this Court, and that a properly certified record cannot be prepared due to the death of the court reporter who recorded the trial, which requires the conviction be reversed for a new trial. The court reporter who recorded defendant's trial died before he had occasion to transcribe his notes of the trial. However, after defendant was granted an appeal out of time, a casemade or transcript of the trial was ordered by the court and was prepared by Billie Jean Gatewood, the former county court reporter, who has prepared and certified other transcripts from the same deceased reporter's notes. In another proceedings before this Court, our case number A–15,492, it was directed that the transcript of the trial as prepared by Billie Jean Gatewood should be filed with the district court and that Judge Joe D. Shumate, who presided at the trial, should endeavor to settle the transcript. Judge Shumate found "the transcript to be a full, true and correct transcript of the testimony as given at the original trial," and certified it as true and correct.

Accordingly, we find this contention of the defendant to be without merit as we have previously determined that the transcript as prepared by Mrs. Gatewood would be acceptable if approved by the trial judge, as was done. Defendant is quite correct in contending that when it is impossible to prepare a transcript of a trial due to the stenographic notes being lost, or the inability of the reporter to prepare a transcript, that a new trial is necessary. See: O'Neal v. State, Okl.Cr., 450 P.2d 913 (1969). However, in the instant case, notwithstanding the death of the court reporter, it was possible to prepare the transcript of the trial, certified by the presiding judge as true and correct. Thus, there is no reason for a new trial. This Court has previously held that upon the death of the court reporter who recorded the testimony at a trial, said proceedings may be transcribed and prepared by another. See: Moore v. State, 59 Okl.Cr. 372, 61 P.2d 1134 (1936), and Strickland v. State, Okl. Cr., 403 P.2d 909 (1965).

It is defendant's second contention that it was error for the trial court to receive testimony of two officers indicating that the defendant confessed, as the confession was obtained without advising the defendant of his right to counsel during interrogation. The day after defendant's arrest he was advised of his constitutional rights by the county attorney to the effect that he was not required to make any statement. According to the two officers present defendant "admitted cutting" deceased. Defendant argues, citing Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), that the admonishment to the defendant prior to his interrogation is inadequate in that he was not advised that he had the right to counsel during interrogation and that counsel would be appointed if he was indigent.

While defendant correctly states the requirement of Miranda v. Arizona, supra, said ruling is not applicable in the present case. The specific requirements of *Miranda* are applicable only to trials commenced after June 13, 1966. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). Judgment and sentence was imposed in this case on May 21, 1958.

Furthermore, it appears that the officers testified that defendant "admitted cutting" the deceased without objection from defense counsel at the trial. It is a familiar and well-settled rule of law in this jurisdiction that where no specific objections are made to the admission of evidence in the trial court, counsel will not be heard to urge such objections for the first time on appeal. Thompson v. State, Okl. Cr., 453 P.2d 314 (1969). By failing to object to the introduction of such testimony concerning declarations made by the defendant, any error which might have been

raised is waived. This Court has expressly held previously that an accused's confession or declaration admitted at the trial without objection will form no basis for error on appeal. See Borden v. Sate, Okl. Cr., 407 P.2d 909 (1965). At the trial there were numerous witnesses to the incident and it appeared defense counsel based his case on a theory of self-defense and did not deny the cutting. Regardless of defense counsel's motive at the trial, he failed to enter a timely objection and any error in this regard is thereby waived.

Therefore, having reviewed the contentions of the defendant and finding them without merit, and concluding the evidence supports the verdict herein, the judgment and sentence is hereby

Affirmed.

BUSSEY, P. J., concurs.