James Edward **SANDERSFIELD**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–17545.

Court of Criminal Appeals of Oklahoma.

Feb. 26, 1973.

Rehearing Denied March 21, 1973.

H. A. Leatherman, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., John Williams, Legal Intern, for appellee.

BUSSEY, Judge:

Appellant, James Edward Sandersfield, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County, for the crime of Burglary in the Second Degree. He was sentenced to two years imprisonment in the state penitentiary, and from this conviction, this appeal is taken.

During the early morning hours of October 2, 1971, defendant, along with a thirteen (13) year old youth, was arrested while inside Stockton's Food Chain, which is a grocery store in Oklahoma City, Oklahoma.

After receiving a call from a burglar alarm system, the manager of the store, James Byrum, Jr., went to the store where he was met by three police officers. Upon arriving, Mr. Byrum unlocked the front door and he and two of the officers entered the building. They proceeded to the office where the defendant was arrested. Defendant was searched and money and checks were found in his pocket. Mr. Byrum testified that he was able to identify the checks because of the endorsements on them.

There was no clear testimony as to how defendant entered the store. Mr. Byrum and one of the officers testified that all the doors were locked, but that a vent about eighteen inches square and about seven or eight feet from the top of the roof, had been pulled off from the outside and was laying on top of the roof. The defendant's companion was found underneath this open vent inside the store.

Defendant did not take the stand and did not put on any evidence to refute the charges against him.

After arrest, but prior to trial, upon application for commitment, defendant was placed in Central State Hospital for observation and examination. He was returned after completion of the examination by Loraine Schmidt, M.D., the Court Case Consultant. The defendant was found not to be mentally ill according to the laws of Oklahoma; and that he was able to distinguish right from wrong and could advise an attorney in his own defense.

Defendant's first contention is that due to his mental ability, he should have been evaluated and then tried as a minor under Title 10 of the Oklahoma Statutes, rather than as an adult. This contention is clearly without merit.

In a motion to transfer, which was apparently never brought to the Court's attention, and in a Motion for New Trial, counsel contended that defendant has a mental capacity of a child nine to twelve years of age and therefore should have been tried in a juvenile proceeding.

The facts clearly reveal that defendant was evaluated and determined not to be mentally ill according to Oklahoma law. However, nowhere in the report does it even suggest that defendant has a child's

mental ability. In fact, defendant was found to have the intelligence of an average man.

 Even if the defendant has a child's mentality, Oklahoma law makes no provision for trying a mentally deprived adult as a child. Therefore, the only issue on mental ability is whether defendant was criminally responsible under Oklahoma law. Counsel for defendant failed to raise the defense of insanity at trial, so he will not be allowed to raise it on appeal. It is clear in Oklahoma that a defendant will not be allowed to first urge error on appeal, when the issue could, and should have been, raised at trial. Thompson v. State, Okl.Cr., 453 P.2d 314 and Reid v. State, Okl.Cr., 290 P.2d 775.

Even if the issue of insanity had been raised at trial, defendant would be criminally responsible under Oklahoma law. Title 21 O.S.1971, § 152(4) deals with criminal responsibility and says all persons are capable of committing crimes except:

> "Lunatics, insane persons, and all persons of unsound mind, including persons temporarily or partially deprived of reason, upon proof that at the time of committing the act charged against them they were incapable of knowing its wrongfulness."

The report by the Court Case Consultant, Dr. Schmidt, clearly states that defendant does not fall within this statute.

The Order to return defendant to Oklahoma County, Oklahoma, says that he is not mentally ill according to the laws of this State and that he is able to distinguish right from wrong and can advise an attorney in his own defense.

 Counsel's next contention is that trying defendant as an adult violates the equal protection clause of the Fourteenth Amendment. This contention is not supported by any cases on point and there is no showing of how the cases cited apply to the case at bar. This Court has repeatedly held that counsel must not only assert error, but must support his contentions with both argument and citations of authority.

Collins v. State, Okl.Cr., 407 P.2d 609 and Sandefur v. State, Okl.Cr., 461 P.2d 954.

Even if authority had been cited, this contention would be without merit since we have earlier determined that defendant must be treated as an adult in this matter.

Counsel's last contention is that sending defendant to the state penitentiary with adults would be cruel and unusual punishment. Again, no authority has been cited, so under the above mentioned cases, this contention will not be considered by this Court.

Had authority been cited, the contention still could not stand because it has been determined defendant is an adult in the eyes of the law and must be treated as one.

For the above mentioned reasons, the judgment and sentence appealed from is affirmed.

BLISS, P. J., concurs.

BRETT, J., dissents.