**Brooks Keats LONG, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–77–204.**

Court of Criminal Appeals of Oklahoma.

July 27, 1977.

Frank R. Courbois, III, Courbois, Swanson & Musser, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

### OPINION

BRETT, Judge:

Appellant, Brooks Keats Long, hereinafter referred to as defendant, was charged in the District Court, Oklahoma County, Case No. 31,714, with the offense of Robbery With Firearms, in violation of 21 O.S.

1971, § 801. The defendant was tried by a jury and convicted. Punishment was assessed at fifteen (15) years in the State penitentiary. From that sentence, an out of time appeal has been granted.

The State's first witness was Mitchell Q. Morrison, an employee of the Pak-A-Sak Grocery at 2309 N. Broadway in Oklahoma City, Oklahoma. He testified that on the day of January 22, 1966, he observed the defendant along with another man come into the store, shop around until all other customers had left, and then walk up to the counter and pull a gun. Morrison stated he was told to lie down on the floor, which he did, and the defendant emptied the cash register and a drawer which was under the counter. Morrison then testified that the defendant and the other man left, and that he then called the police.

The next witness for the State was Officer Sam Pierce of the Oklahoma City Police Department. He testified that on January 22, 1966, he stopped a car containing the defendant and his partner for a minor traffic violation, and because they fit the description of the armed robbery suspects. He testified that he found a pistol and $96.00 in the suspects' vehicle. Officer Pierce then testified that he had advised both subjects they were under arrest for the traffic violation and for suspicion of armed robbery. At the time of the arrest Officer Pierce advised the defendant and the other suspect that they did not have to say anything and that they had a right to legal counsel.

The State's next witness was Detective Ted W. Gregory of the Oklahoma City Police Department. He testified that he had interrogated the defendant, and that prior to interrogation he had advised the defendant that he had a right to counsel, that he did not have to make any statement, and that if he did make statements they could be used in court. Detective Gregory also testified that the defendant related that he along with Jack Everett Ellerman had robbed the grocery store.

He further testified on cross-examination that he had also advised the defendant that if he could not afford an attorney the public defender would be procured.

The State rested and the defendant offered no evidence.

■ The defendant alleges two assignments of error, the first being that an involuntary confession was admitted into evidence in that the police failed to inform the defendant of his constitutional rights.

We first note that although the instant case was tried after *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), no objection was made to the introduction of the confession. This Court has consistently held that when no specific objections are made to the admission of evidence in the trial court such objections cannot later be made as assignments of error on appeal. *Thompson v. State*, Okl.Cr., 453 P.2d 314 (1969).

In *Pierce v. State*, Okl.Cr., 492 P.2d 329 (1971), the defendant was convicted of manslaughter in the first degree. Certain officers testified that the defendant had admitted "cutting" the deceased. This testimony was not objected to by defense counsel at trial, and this Court stated that an accused's confession or declaration admitted at trial without objection will form no basis for error on appeal. No objection to the introduction of the confession having been timely made at trial, the defendant's first assignment of error is not properly before us on appeal.

■ The defendant urges as his second assignment of error that he was denied a fair trial as the result of ineffective assistance of counsel. Defendant contends that failure of trial counsel to object to the introduction of his confession is evidence of ineffective counsel. In *Walker v. State*, Okl.Cr., 550 P.2d 1339, 1342 (1976), this Court stated:

"We have repeatedly held that relief upon the ground of ineffective counsel will be granted only when the trial is a farce or mockery of justice, or is shocking to the conscience of the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, a pre-

tense, or without adequate opportunity for conference and preparation. Further, the burden is clearly upon the defendant to establish inadequate representation, and this burden is not sustained by simply pointing out possible errors in counsel's judgment or lack of success in defense. . . ." (Citations omitted)

In the case of *Johnson v. United States*, 333 F.2d 371, 373 (10th Cir. 1964), the defendant was charged and convicted with forcible entry of a building and with stealing therefrom. A confession was obtained by a postal inspector. The court held that failure of counsel to object to the admission of defendant's confession was not evidence of counsel's incompetency or ineffectiveness.

In the instant case the officer who obtained the confession was cross-examined concerning the confession, and there is nothing to indicate that it was not freely and voluntarily given. Moreover, it appears from the record that defendant was advised of his constitutional rights and understood and waived the same even though the questioning took place some six months before the *Miranda* decision was handed down. ". . . One who appears before the Court with counsel is not deprived of his constitutional right to assistance of counsel because the defense is unsuccessful, or because in 'retrospection he concludes that such representation did not meet his standards . . .' [Citations omitted]" *Johnson v. United States*, supra, at 373.

We find on a thorough examination of the record that in this case defense counsel was not ineffective to such an extent that the defendant was not afforded a fair trial. This assignment of error is without merit.

For the above and foregoing reasons the judgment and sentence appealed from is, accordingly, *AFFIRMED*.

BUSSEY, P. J., concurs.